## SANDFORD & CLEVELAND v. SPENCE.

1. It is not a sufficient cause to suppress a deposition that the certificate of the commissioner omits to show that it was taken within the hours named in the commission—reciting that pursuant to the commission the witness was caused to come before the commissioner on the day named in the commission.

WRIT of Error to the Circuit Court of Mobile county.

The defendant in the Court below objected to the reading of the deposition of a witness, because the certificate of the commissioner omitted to state the hours between which the commission was executed. The commission directed the witness to be examined at the office of the commissioner, in the town of Huntsville, on the 15th day of October, between the hours of 9 A. M. and 4 P. M. The certificate of the commissioner recited that, pursuant to the annexed commission, he had caused the witness to come before him at his office, in the town of Huntsville, on the 15th day of October; but it is entirely silent with respect to the hour when the examination commenced or concluded. The deposition was admitted, and the defendant excepted.

CAMPBELL, for the plaintiff in error cited 3 East, 440; Bell v. Morrison, 1 Peters, 351; Campbell v. Woodcock, 2 Ala. Rep. 41; Ulmer v. Austil, 9 Porter, 157; Kean v. Newall, 1 Missouri Dec. 751.

STEWART, contra.

GOLDTHWAITE, J.—It may be conceded that when a deposition is sought to be used in evidence, it is necessary for the party offering it to show a strict compliance with the statutes; but we think this concession does not authorize so strict a scrutiny as is asked for in the present case. Here the commissioner is required to examine the witness between the hours of nine and four of a particular day, and his certificate shows

that, pursuant to the commission, the examination was had on that day. We are at a loss to see how the execution could be pursuant to the authority, unless it was within those hours, and we are not authorized to falsify what is stated, by the omission to state something more.

Our conclusion is that the certificate shows an examination pursuant to the commission, and it would be a very strained construction to infer that the witness was examined at a time not warranted.

Doubtless it would be competent, on the motion to suppress the deposition, for a party to show that he attended at the hours named, and that no examination was then had—but in the present case there is nothing to relieve the motion from its appearance of undue technicality, and it was propeily refused.

Let the judgment be affirmed.