# STURDEVANT v. GAINS.

1. A count which does not allege a trespass directly and positively by the defendant, but charges by way of recital, "that whereas, &c." and also alleges that the plaintiff was discharged from imprisonment, by the judge of the county court on *habeas corpus*, that the prosecution is ended and determined and that the imprisonment was without probable cause, must from its structure, be considered a count in case, for a malicious prosecution, and not a count in trespass.

2. Where the plaintiff obtains leave until the next term to amend his declaration, a plea in abatement need not be filed until then—but if no time is allowed, the presumption in this court will be, that the amendment must be made *instanter*, and unless the contrary is shewn, will be presumed to have been so made, and a plea in abatement filed at the next term properly rejected.

3. Proof of the hand writing of the justice who took the affidavit and issued the warrant to arrest the plaintiff, at the instance of the defendant, will be sufficient evidence, *prima facie*, of the authority under which the arrest was made.

4. A search of half an hour by a lawyer in his office for a paper which was there three days before, without finding it, will raise a presumption of its loss, and authorize secondary evidence of its contents, especially in a case where no doubt could exist as to its contents. Nor in the absence of proof indicating that it might be found elsewhere, would it be necessary to search elsewhere for it.

ERROR to the Circuit Court of Wilcox.

The writ in this case was sued out by the defendant in error, against the plaintiff in error, to answer in a plea of trespass *vi et armis*.

At the return term, the plaintiff obtained leave to amend his declaration. A declaration was afterwards filed, the first count of which is in the ordinary form for a malicious prosecution; the second count is, and also for that whereas, the said defendant, at to wit, &c., did cause to be seized, arrested and imprisoned in the common jail of Wilcox county, the body of the said plaintiff, and there caused him to be detained and kept in prison for a long space of time, to wit, for twenty-one days, without probable cause, contrary to law and against the will of the plaintiff; whereby the plaintiff was subjected to great expense and loss of time, and was deeply wounded in his feelings and character, from which said imprisonment the plaintiff was finally discharged by order of the judge of the county court, before whom, together with the cause of his detention, the plaintiff had been brought by writ of *habeas corpus;* and the plaintiff avers that the defendant did not further prosecute his complaint against him, but wholly abandoned the same, and the said complaint and prosecution is wholly ended and determined, to wit, at, &c.

At the trial term, the defendant offered a plea in abatement, for a variance between the writ and declaration, which, on motion, the court struck out, because it was not indorsed by the clerk when it was filed. The leave to amend the declaration did not prescribe the time within which it should be done. It did not appear that the declaration had been shown to the defendant until a few days before the commencement of the term.

The defendant then demurred to each count of the declaration, and to both counts for a misjoinder. The court sustained the demurrer to the second count and overruled it as to the first, and as to the misjoinder.

To prevent a continuance, the plaintiff admitted that one Dekle, the justice of the peace who took the affidavit of the defendant and issued the warrant for the apprehension of the plaintiff would prove, if present that they were taken and issued by him. The defendant declining to avail himself of this admission, and to read the papers in evidence, the plaintiff on proof of the hand writing of

the justice of the peace, by one who had seen him write and was acquainted with his hand writing was permitted to read them to the jury against the objection of the defendant, and to which he excepted.

In order to introduce secondary evidence of the contents of the writ of *habeas corpus*, and the proceedings thereon, the plaintiff proved by his counsel that the papers had been in his possession only three days before; that he was under the impression he had handed them to the defendant's counsel, but he denied having received them; that he had made diligent search for them for a half hour that morning, among his papers, but could not find them, and if they were not handed to defendant's counsel he believed some one had stolen them—no search was made in any other place, nor could the counsel say but that on further or longer search, in other parts of his office, or in the court house, they might not be found.  Under this state of facts, the court permitted secondary evidence to be given of their contents, to which the defendant excepted.

The jury under the issue, found for the plaintiff five hundred dollars, for which the court rendered judgment.

The assignments of error bring to view the misjoinder of counts, and the matters set forth in the bill of exceptions.

HUNTER, for plaintiff in error cited, 1 Chit. Pl. 126, 130; 4 Por 423.

BECK, *contra*, cited 6 Term R. 136; 2 Wilson, 302; 1 East. 568; 5 ib. 257; 3 Mum. 159; 3 Stewart 172; 3 Ala. 741; 2 ib. 61; 8 Porter 535; 9 ib. 52; 2 J. C. 488.

ORMOND, J.—The question of misjoinder depends upon the character of the second count, whether it is in trespass or in case. The count is very inartificially drawn, but we are to determine its species from its general form and structure.  Unaided by the writ, we think it manifest that it was designed by the pleader to be a count in case.  It is not alleged, directly and positively, (as in trespass it should have been) that the imprisonment complained of was the immediate act of the defendant, but it is stated by way of recital ; " that whereas, &c."  This is contrary to all the precedents in an action of trespass.  In Taylor v. Rainbow, [2 H. & M. 423,] this recital was held sufficient to characterize the declaration as one in case, and this decision has been adhered to

in many subsequent cases. [See Lomax v. Hood, 3 H. & M. 276.]

It is also apparent that the pleader intended to charge the imprisonment as resulting from legal process, as he alleges that the plaintiff was discharged therefrom by the judge of the county court on *habeas corpus*, that the prosecution is ended and determined, and that the detention was without probable cause, allegations which would be wholly unnecessary in a count in trespass *vi et armis*, and appropriate only to a count in case for a malicious prosecution. Although therefore this count is exceedingly inartificial, and the demurrer to it was properly sustained, judging of it from its structure, we cannot say that it was intended to be a count in trespass. [See Savignac v. Roome, 6 D. & E. 125.]

The 12th rule of practice, for the government of the circuit and county courts, requires the court to reject pleas in abatement, unless it appear from the endorsement of the clerk that they were filed in proper time. Such was the predicament of the plea in this case, but it is supposed that as there was leave to amend the declaration, the rule does not apply. It is true that the defendant could not plead until there was a declaration to plead to, and if the time to amend had been extended to the next term of the court, the plea in abatement would have been in time. But the record does not disclose that such was the fact. No time appears to have been given, and the amendment may, for aught this court can know, have been made *instanter*. It is not therefore shown upon the record that the court erred in rejecting the plea on motion of the plaintiff.

We do not consider it necessary that we should decide whether the admission by the plaintiff, that the affidavit and warrant under which he was arrested, at the instance of the defendant, were those acted on and issued by the justice of the peace, made the papers evidence, so as to authorize him to read them afterwards, the defendant having declined to avail himself of the admission, because we think the proof that they were in the handwriting of the justice before whom the affidavit was taken, and by whom the warrant was issued, was sufficient evidence, *prima facie* at least, to authorize their introduction as evidence of the authority under which the arrest was made. To hold that no proof but that of the justice himself was sufficient testimony of the genuineness of the affidavit and warrant, would frequently amount

to a denial of justice, as he might be dead or beyond the jurisdiction of the court. Such appears to have been the fact in this instance.

We think the preliminary proof offered in this case, of the loss of the writ of *habeas corpus*, and the discharge of the plaintiff from imprisonment, was sufficient to authorize secondary proof of its contents. This question has been repeatedly before this court. In the recent case of Jones v. Scott, [2 Ala. Rep. 61,] it is stated that no fixed rule can be laid down applicable to this class of cases; " that in general a search must be made where the lost paper was last known to be, and that where the presumption can arise that the paper may be improperly withheld—much stricter proof will be required of the loss, and a more rigid search exacted than in a case where no such presumption can be made."

These remarks are quite applicable to this case. Search was made where the paper was last known to be, only three days before—the document itself was of such a nature that there could not well be any dispute about its contents, and therefore no conceivable motive could exist for withholding it. We cannot say that half an hour's search in a lawyer's office, was not sufficient to ascertain whether the paper was not where it was left, nor in the absence of any fact indicating that it might be found elsewhere, can we perceive that there was any necessity to search elsewhere for it. If the admission that the paper, on further search where it was last known to be, or elsewhere, might still be discovered, would preclude the secondary evidence, it would annihilate the rule in all cases where the lost paper was not proved to be destroyed as well as lost, as otherwise there must always be a possibility that it may yet be found. Let the judgment of the court below be affirmed.