## COMSTOCK, ET AL. v. MEEK & CO.

1. A plea in abatement filed within three days next after the filing of the declaration is within time, if the trial is not thereby delayed, and it is not error to refuse to strike such a plea from the file.

2. Where the return of the commissioner states the deposition of a witness to have been taken by virtue of the commission, it is sufficient to authorize the reading of the deposition, although a certain place is named in the commission where the witness is to be examined, and the return is silent as to place. In order to suppress the deposition, an affidavit is necessary that the party attended at the particular place.

Comstock, et al. v. Meek & Co.

Writ of error to the Circuit Court of Tuscaloosa county.

ASSUMPSIT by Mrs. Comstock and one Johnson, as execu-
trix and executor of Edward Comstock against Meek & Co.
for goods, &c., sold by their testator. The defendants pleaded
in abatement, that Johnson was dead when the suit commenc-
ed. The plaintiffs demurred to this plea, and afterwards, when
the demurrer was overruled, took issue upon it, and the defend-
ants had a verdict. The plea was not filed at the appearance
term of the Court, nor was it indorsed by the clerk, as required
by the rule of the Court. The plaintiffs thereupon moved to
take the plea from the file, but this motion was refused, on a
showing that it was filed within three days after the filing of
the declaration.

At the trial, a deposition was offered in evidence, the com-
mission for which directed the commissioners to cause the
witness to come before them, at the office of Lewis Thomas, in
the city of New York, on the 15th day of March, 1844. The
caption of the deposition has the venue of the city and county
of New York, and states that one of the commissioners, by
virtue of a commission, &c. the witness was examined at the
time and place hereinbefore mentioned; and the return is dated
the 15th March, 1844. The deposition was objected to, by the
plaintiffs, on the ground that it did not appear to have been ta-
ken at the office of Lewis Thomas, as required by the commis-
sion. The objection was overruled, and the plaintiffs excepted.

They now assign as error—

1. The refusal to strike out the plea.

2. The overruling of the demurrer.

3. The admission of the deposition of the witnesses.

PECK & L. CLARK, for the plaintiff in error, insisted—1. That
the twelfth rule of practice must govern the plea, whether the
declaration is, or is not, filed. If the parties wished to plead
in abatement, they should have required the declaration to be
filed. 2. The return to the commission does not show the de-
position was taken at the place required, and therefore it should
have been excluded.

T. D. CLARKE, contra. As to the first point, relied on the sta-
tute, Clay's Digest, 332, and the twelfth rule does not abrogate

it, but merely provides a mode by which to verify the time of filing the plea. The plea was in time, as there was nothing to plead to, until the filing of the declaration. [Sturdevant v. Gaines, 5 Ala. Rep. 435.] Under no circumstances can error be assigned on a refusal to strike out a plea. [Sally v. Gorden, 5 Ala. Rep. 78; Bell v. Reynolds, 3 Ib. 57 ]

2. To sustain the admission of the deposition, Sandford v. Spence, 4 Ala. Rep. 237; Dearman v. Chapman, 5 Ib. 202; Luckie v. Caruthers, Ib. 291; 4 John. 130, were cited.

GOLDTHWAITE, J.—1. The twelfth rule of practice was not intended, nor has it the effect, to limit the operation of the statute, which directs the course and time of pleading. By that the general rule is provided, that the declaration shall be filed within the three first days of the appearance term, and the defendant's plea must be filed within the three days next thereafter, but the pleadings are to be made up during the term to which the process is returned, unless the time is extended by the consent of the parties, their attorneys, or by the direction of the Court. [Clay's Dig. 332, § 111.] The twelfth rule merely directs that no plea in abatement shall be received, if objected to, unless by indorsement of the clerk it appears to have been filed within the time allowed for pleading. [Ib. 610, § 12.] The time allowed for pleading may be changed by the consent of the parties, and it here appears that the consent was given to enlarge the time for filing the declaration; at least such is the inference most favorable for the plaintiffs, as otherwise they were in default by the omission to file it, within the time provided by the act. If we understand the time as extended by consent, then the plea was within time, if filed in three days after the declaration, and if there was no consent, then it was alike within the time, as no plea can regularly be filed when there is no declaration to plead to. [Sturdevant v. Gaines, 5 Ala. Rep. 435.] Although the inference here is, that there was some consent rule entered into, we are not to be understood as expressing the opinion, that in any similar case the inference of consent could be so extended, as to allow the defendant to evade a trial, on the pretence that the declaration was not filed three days before the call of the cause for trial.

2. The exception to the deposition seems to fall within the

principle of the cases cited by the defendants. In the cases of Sanford v. Spence, 4 Ala. Rep. 237; Dearman v. Chapman, 5 Ib. 202; and Luckie v. Caruthers, Ib. 291, the certificates of the commissioners showed that the depositions were taken *pursuant* to the commissions respectively issued, but in all of them the manner of pursuing the commissions was not stated with precision or exactness. Here the return is, that the deposition was taken by virtue of the commission. The remark made by us, in Sanford v. Spence, that it is difficult to perceive how an examination can be pursuant to, which is not in uniformity with, the directions of the commission, apply with equal force to the term, by virtue of the commission. The only plausible reason urged for the suppression of the deposition is, that the party might have attended at the place named for the purpose of cross-examination ; now if this fact had been shown by affidavit, and the return of the commissioner was not as exact as it might be, this would, doubtless, be a sufficient reason to suppress the deposition, verified alone by such a certificate. As it stands uncontradicted, the inference is, from the certificate, that the deposition was taken by virtue of the commission, and that all its requisitions were complied with.

Judgment affirmed.