## EX PARTE RYAN, ET AL.

1. Where, in an action upon a promissory note, the indorsement on the writ states the amount to be less than it really is, and a declaration is filed conforming to the indorsement, it is competent for the Court, under the general powers conferred by statute, to permit an amended declaration to be filed, describing the note with accuracy.

This is an application for a *mandamus* to the Circuit Court of Benton.

IT appears from a transcript now produced, that John Kirkpatrick, as the assignee of John Kirkpatrick & Co., commenced an action against the petitioners, and indorsed on the writ, that the suit was founded on a note made by the petitioners on the 16th February, 1842, for the payment of the sum of three thousand and twenty dollars and fifty cents, to the assignees of the plaintiff, three years after date. On this writ a declaration was filed for the cause of action indorsed ; at the trial the plaintiff moved the Court to permit him to file

12

Ex parte Ryan, et al.

an amended declaration, in which the amount of the note in suit was stated to be three thousand six hundred and twenty dollars, instead of the sum expressed upon the writ. The petitioners objected to the motion ; but their objection was overruled, and the plaintiff permitted to file his amended declaration. The object of the *mandamus* applied for is, to strike the declaration from the file, and disallow the amendment, because it discloses a cause of action variant from the indorsement on the writ.

S. F. Rice, for the petitioners, cited 2 Kinne's L. Comp. 137, et post. ; 10 Wend. Rep. 285 ; 7 Ala. Rep. 829.

W. P. Chilton, contra, cited 9 Porter's Rep. 232, 493 ; 6 Ala. Rep. 182 ; 1 J. J. Marsh. Rep. 315, 607.

COLLIER, C. J.—The act of 1807, after providing for amendments where there is any thing in the record by which to amend, invests the Court in which the cause may be pending, with authority " at any time to permit either of the parties to amend any defect in the process or pleadings, upon such conditions as the said Courts, respectively, shall in their discretion, and by their rules prescribe." [Clay's Dig. 321, § 50.] This provision, if it is to be interpreted, even according to its letter, authorizes amendments to be made in the writ, declaration, or subsequent pleadings; and instead of being restricted within narrower limits, it should rather be liberally expounded, as it is a beneficial enactment, and promotive of the remedy. It applies in terms to " any defect in the process or pleading," and submits it to the discretion of the Court, under such rules as they may prescribe, to determine the conditions upon which the amendment may be made. We think it clear that the very general terms in which the authority is conferred, does not limit the power to allow amendments, to cases where there is something by which to amend, apparent upon the record.

Amendments should not be permitted, so as to change the form of action, or to substitute a cause entirely variant from that disclosed by the indorsement on the writ. Such was the decision in Sexton v. Rowe, 7 Ala. Rep. 829. In that

case, as well as the previous one of Wharton v. Franks, 9 Porter's Rep. 232, this Court held that a plea in abatement was not the proper remedy for the defendant, where there was a variance between the indorsement on the writ and declaration. "If, however, the plaintiff should declare for a cause of action entirely different from that indorsed on the writ, the Court would, on motion, refuse to permit the declaration to be filed. But where the defendant has been apprised by the indorsement on the writ, of the true character of the suit, he cannot be permitted captiously to avail himself of a mistake, which has not misled him, and thereby pervert the statute to a purpose never contemplated by the Legislature in the passage of the act." By "a cause of action entirely different," was not meant, a difference in the amount, or date of a note, or the addition in the declaration of counts not specifically indicated by the writ, though of a kindred character with the cause indorsed. It means, what has been already intimated, *a total departure, a radical variauce.* The amendment permitted in the case at bar, is not of this character—its allowance was not only within the competency of the Court, but in the absence of every thing extraneous, to show that injury would result from it, we should think it was altogether proper.

It results from what has been said, that there was no error in the proceeding of the Circuit Court, and a *mandamus* is consequently denied.