## JORDAN v. HAZARD.

1. When an attachment is sued out for a cause not warranted by the attachment law, the defect cannot be reached by a demurrer to the declaration; but a rule on the plaintiff, to show cause why his attachment should not be dissolved, would be the correct mode of taking advantage of it.

2. In a declaration against a carrier for the loss of goods, it is necessary to aver a delivery of the goods to him, and the omission to make such an averment, would be fatal on general demurrer.

3. When notice is given, that a deposition will be taken on the 20th and 21st days of a month, a deposition taken on the 21st will be rejected.

4. It is no objection to a deposition, that in stating the cause in which it was to be read in the commission, the plaintiff was called Robert G, instead of Rowland G. Hazard. Such a mistake is amended by other parts of the record.

Error to the County Court of Mobile.

Assumpsit by the defendant, against the plaintiff in error.

The suit was commenced by attachment, the plaintiff making affidavit, that the defendant was indebted to him in the sum of fourteen hundred dollars, and had not, within affiant's knowledge, sufficient property within the State of his residence, to satisfy the debt. Both parties were non-residents.

A declaration was filed in the following words. Rowland G. Hazard by attorney, complains, &c. For that whereas, heretofore, to wit, on the    day of April, 1833, at New-Orleans, to-wit, in the county aforesaid, in consideration that

the plaintiff had retained and employed him, to transport and convey certain iron of the plaintiff, of great value, to-wit, of the value of $1400, from the city of New-Orleans, in the State of Louisiana, to the city of Providence, in the State of Rhode Island, in a certain vessel of the defendant, for a reasonable reward to the defendant in that behalf, he the defendant then promised the plaintiff to take due and proper care of said iron whilst he should have the custody thereof, and safely and securely the same to transport, and convey from the said city of New-Orleans, to the said city of Providence. Yet the said defendant, not regarding his said promise, did not, nor would, transport and convey as aforesaid, and did not, nor would, take due and proper care of said iron, but on the contrary thereof, he the defendant, during that time, to-wit, on the day and year aforesaid, at New-Orleans, to-wit, at the county aforesaid, so negligently and carelessly conducted himself with respect to the said iron, and took so little care thereof, that by and through the mere carelessness, and negligence, and improper conduct of the defendant, and his servants in that behalf, the said iron, being of the value aforesaid, became and was wholly lost. To the damage of the plaintiff $3000, wherefore he sues.

The defendant craved oyer of the original writ, which was read to him, and demurred, and the demurrer was overruled by the court. He then moved to quash the attachment, which was granted, unless a sufficient bond was executed in ten days ; which was done, and the bond filed.

Upon the trial, as appears from a bill of exceptions, the plaintiff offered to read the deposition of Isaac S. Clarke, which was objected to by the defendant, because the commission issued to take the deposition of Isaac P. Clarke, and the witness examined is named Isaac S. Clarke. The objection was overruled, and the deposition read.

He further offered to read the deposition of Robert R. Stafford, to the reading of which the defendant objected, because the deposition was directed in the commission to be taken on the 20th and 21st days of February, 1842, and the commission was executed on the 21st of February, 1842. The objection was overruled, and the deposition read.

The defendant offered to read the deposition of George Bucklin, which was objected to by the plaintiff, because in the commission, the cause is entitled "Robert G. Hazard v. Ephraim Jordan," instead of *Rowland* G. Hazard v. Ephraim Jordan. It appeared the plaintiff had notice of the taking of the deposition, that the cause was rightly entitled by the commissioner, and that the depositions were opened and published by consent some years before the trial, without objection. The court excluded the deposition, to all which the defendant excepted.

Other questions were made on the charges of the court, but as they are not noticed by the court, need not be here inserted.

G. N. Stewart and J. A. Campbell, for the plaintiff in error, made the following points:

1. The attachment should have been quashed. The statute which gives the remedy for non-residents (Clay's D. 57, § 9,) gives the attachment only in cases of *debt* by *judgment, note* or *otherwise.* The nature of the debt must be specified, that it may appear whether the party is entitled to the writ. The word *otherwise* should properly be rejected, but if not, it must be construed to mean debts of the same nature as *judgments* or *notes,* i. e. a sum certain. At all events it lies only for *debt.* [Sergt. on Attach. 43-4; Stowe v. Sewall, 3 S. & Porter, 67; Howlet v. Strickland, 1 Cowper, 57; Clark's Ex'rs v. Wilson, 3 Wash. C. C. R. 560; Benson v. Campbell, 6 Porter, 455.] As to the motion to quash—P. & M. Bank v. Andrews, 8 Porter, 404.

2. The demurrer to the declaration should have been sustained. Oyer of the writ was craved, and it was part of the record.

The declaration should have been in debt. If not, at least it should have been *indebitatus assumpsit,* or a case in which *indebitatus assumpsit* would lie.

The declaration is insufficient in itself. It is vague; it does not show what the ground of claim was, with *certainty,* nor whether the defendant failed to deliver iron which he received, or refused to receive iron, nor whether the iron was lost while in his possession, or if lost, because abandoned by

shipper, and by reason of defendant's refusal to take charge of it.

The declaration on its own face shows that it is founded on an *attachment*.

This declaration is uncertain, and will as well admit of proof of a cause of action for unliquidated damages, as for the value of the iron, or a promise to deliver. The declaration must be certain.

There is no averment of delivery to the carrier. This must be put in issue. [Jeremy on Carriers, 59, 60-1.]

No readiness to pay the freight is averred. If defendant refused to receive the iron—and then plaintiff refused to take care of it, and abandoned it, and relies on the liability for refusing to take care of it—defendant would not be liable for its value. Yet the declaration assumes he would; it covers such a case. Morgan v. Patrick & Smith, 7 Ala. 185; Howlett v. Strickland, 1 Cowper, 56.

3. The testimony of Clarke should have been excluded. If a middle name had been omitted, the case would be different. The name *identifies* a different person. If this objection is overruled, where is the stopping place. We may omit to describe, but cannot misdescribe. [Kirk v. Suttle, 6 Ala. 679.]

4. The deposition of Stafford should have been rejected. The commission was to take the deposition of the witness on the 20th and 21st February. It was taken on the 21st, not by continuation, but originally. This is error. The principle is fully settled in Ulmer v. Austill, 9 Porter, 157; Harding v. Merrick and Washington, 3 Ala. 60.]

5. The deposition of Bucklin should have been admitted. The misdescription of the first name of Hazard in the *commission* was a clerical misprision, and could not mislead the plaintiff. The only object is to describe the case—and the case is indentified by the notice given to plaintiff. The witness was properly sworn in the true name and case. The deposition was opened three years before the trial and no objection made till the trial. [Evans v. Norris, Stodder & Co. 1 Ala. 511.]

LESSESNE, for the defendant in error.

Jordan v. Hazard.

1. The attachment ought not to have been quashed. But this was a question addressed entirely to the discretion of the court below, and not revisable on error. [Serg. on At. 144, citing Shortz v. Quigley, 1 Binney, 226; Reynolds v. Bell, 6 Ala. R. 348.]

The question, therefore, in revising this act of the court cannot arise under the first assignment of error, whether the attachment was sued out for a proper cause of action.

2. The demurrer was properly overruled—the declaration being unexceptionable. On a demurrer, the court will not look behind the declaration to ascertain whether the court has jurisdiction, [Roberts v. Burke, 6 Ala. R. 348,] or whether the declaration in attachment is sustained by the process, even when that process issued for a cause of action unknown to the attachment law. [Cain v. Mather, 3 P. 224.]

3. But we contend that the attachment was issued for a proper cause of action. The statute no where confines the remedy to demands that are liquidated. Our statutes are more comprehensive in character and language than the Pennsylvania statutes, where this precise question has been elaborately argued and decided. [Serg. on At. 43; Fisher v. Consequa, 2 Wash. 382; see also, Powell v. Hampton, Conf. R. 86; Bickerstaff v. Dillinger, Ib. 299, cited in Iredell's Dig. 60, Title, Attachment.]

4. If such an objection could be raised, it is submitted that a plea in abatement would be the only mode of doing it. The declaration is good—it pursues the writ—the writ is good. The objection is for something extraneous to both. [Jones v. Pope, &c. 6 Ala. Rep. 154; Roberts v. Burke, Ib. 348.]

5. The court properly rejected the depositions of Bucklin. The commission under which his evidence was taken, stated that the testimony was for a case in which *Robert* G. Hazard was plaintiff; this imputed that the plaintiff named in the deposition was a different person, and hence that the case was between different parties from those in the case in which it was sought to use the testimony. The discrepancy might possibly have been supplied by proof, but no offer or effort to do this made. [Brifogle v. Beckley, 16 S. & R. 254; Butts v. Blount, 1 Rand. 255.]

29

6. The deposition of Clarke was properly received. The mistake in the middle name was immaterial. Brooks v. McKean, Cook's Rep. 162, cited in U. S. Dig.—precisely in point.

7. The deposition of Stafford, was properly received. Notice of taking of a deposition on a day stated, and if not on that day, then two weeks subsequent is legal. [Moore v. Humphries, 2 J. J. Marsh. 54; U. S. Dig. 219, No. 296.]

But the regularity of the proceedings in taking a deposition is not available on error, if the objection to the irregularity complained of was not taken at the trial. [Clarke v. Dibble, 16 Wend. 611.] And the objection below was not that the commission appointed the 20th and 21st, as the time of executing it, but that those two days were appointed, and the execution was on one of them only.

ORMOND, J.—The question has been elaborately argued at the bar, whether an attachment will lie in this State, where the cause of action is not a debt, unless the instrument, or contract, on which the attachment issues, ascertains the amount of the damages. This question has never been distinctly presented to this court before, and we decline its examination now, because it is not presented on the record.

It is not raised by the motion to quash the attachment, because the attachment is regular, and were it otherwise, the refusal to quash is not revisable on error. For the same reason, it could not be made by plea in abatement, as the affidavit for suing out the attachment, describes a debt due from the defendant. The demurrer to the declaration, only brings to view the declaration itself, and does not authorize the court to examine the attachment. [Cain v. Mather, 3 Porter, 224.] And if it did, it would avail nothing in this csse, as the affidavit discloses a good cause for suing out an attachment.

It is obvious that some mode must exist, by which a defendant whose goods have been attached, for a cause not warranted by the attachment law, can reach the defect; and we think the mode adopted in Pennsylvania, by a rule on the plaintiff to show cause why his attachment should not be dissolved, judicious and proper. [Serg. on At. 43; Fisher v. Consqua, 2 Wash. C. C. R. 382.]

The only question presented by the demurrer, is the sufficiency of the declaration. The liability of the defendant is deduced in the declaration by the averment, that a contract was made betwen the parties, by which, for a reasouable reward, the defendant undertook to take due and proper care of a quantity of iron, and transport it safely in his vessel, from New Orleans to Providence, Rhode Island. The breach alledged is, that he did not so transport and convey it, but that by his carelessness and negligence, the iron was lost.

It is a clear proposition, that the defendant could not become liable npon this contract, to transport the iron from New Orleans to Providence, Rhode Island, unless it was delivered to him for that purpose ; and so are all the precedents, which distinctly alledge, the receipt of the goods by the carrier. [2 Chitty's P. 148, 157.] Possession of the thing, is indeed of the essence of every bailment. It frequently happens, that goods intended to be shipped are lost, without being actually put on board the vessel, and there is a doubt, whether the wharfinger or master of the ship is responsible. [Cobban v. Downe, 5 Espinasse R. 42 ; Platt v. Hubbard, 7 Cow. 503 ; Packard v. Gilman, 6 Id. 757.] In either case the question of liability depends upon the possession, and must be alledged in the declaration.

This declaration contains only an averment of the contract to carry the iron, and the breach assigned is, that by the negligence and carelessness of the defendant and his servants, it was lost. There is no averment that it was delivered to, or came to the possession of the defendant, and the declaration is therefore bad, on general demurrer, as it does not state a cause of action.

The objection to the reading of the deposition of Clarke, was correctly overruled. The commissioner is presumed to know the witness whom he examines, and has affirmed that this is the witness named in the commission, who bears the same name, except that his middle name is S. instead of P. If a witness of a different christian or sirname had been examined, the question would be different, qut a variance of the middle name has never been considered essential. The case cited is not an authority the other way. Barham and Barnham are entirely different names.

The deposition of Stafford was improperly received. The notice of the time of taking the deposition was, that it would be taken on the 20th and 21st February. This, upon the authority of Ulmer and Austill, was not sufficient to author-ize the taking of the deposition on any other day than the 20th, and having been taken on the 21st, it should have been rejected.

The court also erred, in our opinion, in rejecting the depo-sition of Bucklin. The supposed error was, that in stating the case in the commission, the plaintiff was called *Robert* G. instead of Rowland G. Hazard. This was evidently a cleri-cal misprision, which was amended by other parts of the re-cord. The deposition is conclusive proof that it was taken in this cause, and should have been admitted unless some oth-er valid objection existed to it. .

The questions arising out of the charges of the court, have not been considered, as they may not again arise.

Let the judgment be reversed and the cause remanded.