## DE WITT v. BIGELOW & Co.

1. The circumstance that the plaintiff has been condemned in the costs of one term, as the condition of a continuance, does not make the judgment against the defendant irregular, if costs are adjudged against him at the final determination of the suit.

2. A deposition taken at the *office* of G. R. & Co. when directed to be taken at their *storehouse*, will be allowed, it being shown that they had an office under the same roof as their storehouse, and connected with it by doors and windows, and had no other office in the place.

3. A gratuitous agreement by the holder of a bill with the acceptor, made on the last day of grace, to look to him alone for the payment, and not to present the bill, or notify the drawer, does not relieve the drawer if the protest is made and notice given.

Writ of Error to the Circuit Court of Barbour.

ASSUMPSIT by Bigelow & Co. as the payees of a bill of exchange drawn by De Witt on, and accepted by McCullum & Dorsey, and protested for non-payment.

The cause was once continued by the plaintiff, on payment of costs of the term. Afterwards a general judgment for costs was rendered against the defendant on the verdict.

In the progress of the trial, the plaintiffs offered to read the deposition of a witness taken under a commission directing its execution at the *storehouse* of Green, Robbins & Co. The defendant objected that the certificate showed its execution at the *office* of Green, Robbins & Co. and it being proved that Robbins & Co. kept a saddlery store in Mobile, and had an office or counting room under the same roof with the store, and that the office was divided from the store only by a partition wall, with a door and glass window with side lights next the store, and that they had no other storehouse than as above stated, the deposition was admitted.

At the trial, there was evidence tending to prove, that on the last day of grace of the bill, and prior to the protest and notice to the defendant, the plaintiff, at the request of the acceptors of the bill, but without any consideration, agreed not to have the bill protested, or notice given to the different parties, but to look alone to the acceptors for payment—they, the acceptors, having assured the plaintiffs that the money would be paid very soon thereafter. There was no evidence showing the drawer had any funds in the hands of the acceptors, otherwise than that he had shipped them corn and cotton, which they had sold on time, but had not realised the funds—of all this the plaintiffs were informed before their said agreement. The amount of the corn and cotton so shipped was not specified. There was also evidence, that after the maturity of the bill, the defendant had paid the amount of it to the acceptors.

On this proof, the defendant requested the court to charge the jury—

1. That if the defendant paid the acceptors the amount of the bill, in consequence of the agreement before stated, the agreement was binding on the plaintiffs, although without consideration.

2. That if the plaintiffs, before the protest for non-payment, and before notice of the same to the defendant, without consideration, agreed to look to the acceptors alone for payment,

61

and if the defendant, induced by a knowledge of this agreement, failed to withdraw his funds, or subsequently paid the amount of the bill to them, then the defendant was discharged.

. 3. That if the plaintiffs, before protest and notice, without any consideration, but with the knowledge that the acceptors were in funds to meet the bill, agreed with them to look to them alone for payment, and if induced by a knowledge of this agreement, the defendant failed to withdraw his funds and subsequently paid the acceptors the amount of the bill, then the defendant was discharged.

These several charges were refused, and the defendant excepted to the refusal, as well as the previous admission of the deposition objected to.

These several matters are assigned as error; as is also the judgment for costs.

BUFORD, for the plaintiff in error, insisted—

1. That the judgment carried the entire costs of the suit when the defendant was discharged of them for one term.

2. The direction of the commission is to be strictly pursued—the office is certainly not the storehouse, and one might well go to the latter and not finding the commissioners there, go away without looking into the office.

3. As to the main questions arising out of the refusal to charge, he insisted that if any agreement to give time is made, it will discharge the parties. [Chitty on Bills, 409-10, 413, and cases there cited.] The agreement being made on the last day of grace, was part and parcel of the demand, and qualified it—in fact made it no demand. It is said, if the holder informs the drawer, that he has settled with the acceptor, this is a discharge. [Story on Bills, § 252.] The agreement here was on a sufficient consideration, as it has produced injury to the defendant relying on it.

BELSER, contra.

GOLDTHWAITE, J.—1. A judgment for costs, in general, is the necessary consequence of the failure by a party to the suit to sustain his claim, or defence, but their amount is

seldom, if ever, stated in the judgment entry.   It is usually impracticable to ascertain the exact sum until the costs are taxed by the proper officer, and several of the items for which the party is chargeable depends on the subsequent action upon the judgment itself.   The judgment is technically said to open to secure the amount of the costs, and if these are improperly taxed, or more than the entire record will warrant, is taxed, the remedy of the party is by motion to the court to retax them.   The judgment in this case is in the usual form, and we can perceive no reason why that should be changed, because at another stage of the cause, the other party has been condemned to costs to a particular extent.

2.  The next point made arises upon the refusal to exclude the deposition of the witness, because the commission was executed at the *office* of Green, Robbins & Co. instead of their *storehouse*.   Without expressing any opinion whether the *prima facie* intendment should, or should not be, that these terms are convertible, we are clear it was competent for the plaintiff to show that the *office* of these persons was, in point of fact, adjacent to, and a part of, their *storehouse*, and such we understand to be the effect of the evidence stated.   We have several times held, that it would be intended the commissioners had acted within the time prescribed by the commission, although it was not so expressly stated in the return.   [Sandford v. Spence, 4 Ala. Rep. 237 ; Dearman v. Dearman, 5 Id. 202 ;  Olds v. Powell, 7 Ib. 652.]   And in Jordan v. Hazard, 10 Ala. 221, it was held, that the examination of a witness with a different middle name would be intended as the one named in the commission; and it has been held elsewhere, that a commission directed to be executed at the house of J. A. E. would be admitted if taken at the house of J. E. as the presumption would be, they were the same person.   [Elmore v. Wells, 1 Hayw. 359.]   So it is said, that proof is admissible to show the deposition was taken at the proper place, although that was omitted in the caption.   [Anon. 2 Hayw. 244.]   We therefore are entirely satisfied that if these authorities do not justify the inference that *office* and *storehouse* are equivalent terms, when used, the one in the commission and the other in the return, they warrant the party in showing their identity.

3. The question arising on the supposed merits must also be determined against the defendant. The agreement asserted as made between the payee of the bill and the acceptor, was of no effect as a contract, because there was no consideration to sustain it. It is immaterial whether this agreement was made before or after the bill was protested, as in either case its legal effect is the same. If the payees of the bill, in consequence of this agreement had omitted to notify the defendant of the non-payment of the bill, it is very possible he would have been discharged under the circumstances, but even then, not in consequence of the supposed contract, but rather because of the neglect to give notice. The refusal or neglect to comply with what was then agreed upon, involves no legal consequences, as it was entirely voluntary. The rule is now perfectly well understood, that a mere gratuitous engagement to wait with the acceptor will not discharge the other parties.

We can see no error in the record. Judgment affirmed.