## HAZARD v. JORDAN.

1. A motion to dissolve an attachment on the ground that the cause of action does not warrant that process, can properly be entertained when a new or amended declaration is filed, setting out a cause of action not within the statute, if the motion is made within the time for pleading in abatement.

2. Process of attachment by one non-resident against another, will lie only for causes of action on which debt, or *indebitatus assumpsit*, could be brought.

Writ of Error to the County Court of Mobile.

ATTACHMENT by Hazard, against the goods, &c. of Jordon. The affidavit was made the 23d January, 1841, and describes Hazard as a resident of Rhode Island—avers that Jordan resides out of this State, so that the ordinary process of law cannot be served on him, is indebted to the plaintiff in the sum of $1400—and has not sufficient property within the State of his residence, within the knowledge of the plaintiff wherefrom to satisfy the said debt.

Certain proceedings on this attachment were afterwards had, which resulted in judgment for the plaintiff, which was reversed in this court, and the cause remanded for further proceedings. [See Jordan v. Hazard, 10 Ala. R. 221.]

Upon the return of the cause to the county court, the de-

fendant obtained a rule for the plaintiff to show cause why the attachment should not be dissolved as not warranted by the laws of this State. This was done at the February term, 1847, at which term the plaintiff had previously asked and obtained leave to amend his declaration. The plaintiff in answer to this rule, insisted the attachment should not be dissolved—

1. Because of the lapse of time between the return of the attachment and the motion to dissolve.

2. That the defendant, at the time of the levy, was within the jurisdiction of the court, and employed counsel to appear and defend the suit.

3. That there has been a trial, verdict and judgment in the cause.

In addition to these reasons against the dissolution, the plaintiff's cause of action, as it appeared from depositions in the cause was submitted to show the ground for the attachment. From these it appears the plaintiff claimed that the defendant, in April, 1835, contracted with him to take all of certain iron in three flat boats upon a certain vessel called the Ann Maria, lying at New Orleans and bound for Providence. The boats containing the iron were taken alongside the Ann Maria, and the defendant commenced taking the iron on board. He left a quantity of the iron in the boats, and this he refused to take, complaining it would not pack well with the remainder of his freight. One of the boats, containing about forty tons of iron, of the value of $1000, sunk, and was totally lost. There was ample time for the defendant to have taken the iron on board his vessel, and its loss was caused by his refusal to take it according to his contract. The expenses for taking out the remainder of the iron left was about $100.

The amended declaration states the cause of action thus: "that the plaintiff, at the defendant's instance, and request, dalivered to him certain iron, &c., to be by him conveyed from New Orleans to Providence, in consideration whereof the said defendant promised the plaintiff to take due care of the said iron, whilst he had charge of the same, yet the said

defendant disregarded his said promise," &c., and the declaration concludes by alledging a loss of the iron whilst the defendant had charge of the same, by reason of his default to take care of it, and by his negligence.

The court on this showing dissolved the attachment, and this is now assigned as error.

LESSESNE, for the plaintiff in error, insisted—

1. The attachment issued for a proper cause of ·action. [Searg. on Attach. 43 ; McClanahan v. McCarty ; Fisher v. Consequa, 2 Wash. 382; Weaver v. Puryear & Williamson, at last term, and cases there cited.

2. It is too late, after such lapse of time to move for a dissolution of the attachment, for a defect in the cause of action. It should have been done at the first term—or at least before the trial of the cause before a jury. [Miltenberger v. Lloyd, 2 Dall. 79 ; Mills v. Fraser and McFarland, cited in Searg. on Attach. 138.] To allow such a practice would be at war with the spirit of our statute, and rules, on the subject of pleading.

STEWART, contra.

GOLDTHWAITE, J.—1. A preliminary question was raised in the court below, whether it would entertain the motion to dissolve the attachment on account of the lapse of time since it was issued. As a general rule, it cannot be questioned, the party should not be permitted to lie by without raising the objection when the cause for it is apparent ; but we apprehend the analogy which must govern the practice will be found in the rules which obtain in setting aside bailable process, on account of irregularities, and in pleading a variance between the declaration and the writ, when the former is not warranted by the latter. According to the course of practice in the King's bench, the writ is general, and the plaintiff is allowed to declare for any cause of action, but if bail is required, he will be held to declare according to the affidavit, or the bail will be discharged. So with us, the plaintiff is required to indorse his cause of action on the writ, and a variance between the declaration and

writ in this respect, would doubtless be good cause to set a-
side the declaration, [Ex parte Ryan, 9 Ala. 89,] but we ap-
prehend the objection should be taken at as early a period as
possible, and would not be allowed unless urged within the
time that a plea in abatement should be pleaded for a
variance between the body of the writ and the declaration.
Indeed, this seems to furnish the precise rule in a case like
the present. When the plaintiff declares for a cause of ac-
tion for which the statute allows the process of attachment,
and joins other causes, the defendant has no other remedy
than to call upon the court to interpose for his protection.
But there is no necessity for this when the declaration con-
sists of counts for causes within the statute, and other defec-
tive counts. In such a case a demurrer to the defective
counts must lead to their amendment or abandonment. It
is only when the counts are amended that the cause exists
for the interposition of the court by rule. Here, it will be
seen by referring to the former report of the cause, the first
declaration contained defective counts, and the declaration
was amended by filing a new count in the court below. It is
very clear, in our judgment, that the defendant upon an
amended declaration, would be allowed to plead its variance
from the writ, no matter when the amendment was made ;
[Comstock v. Meek, 7 Ala. Rep. 528 ;] and by analogy to
this, it seems to us he was entitled to the rule for the plain-
tiff to show cause why his attachment should not be dissolv-
ed, for the reason that his cause of action was not within the
statute.

2. Coming then to the merits of the motion, we do not
think ourselves called upon to say how far the decision of
Weaver v. Puryear, 11 Ala. Rep. 941, would control this
case if the attachment was under the general law. This
process is sued by one non-resident against another, and the
act which gives the remedy is greatly more limited than the
general act. It provides, that when any person being a non-
resident of the State, "is *indebted* to any person also a non-
resident, either by *judgment, note,* or *otherwise,*" the process
may be allowed. We think the construction of these terms

cannot be extended beyond causes of action for which either debt or *indebitatus assumpsit* will lie. The cause of action disclosed alike in the count of the plaintiff's declaration, and by his proof is one for general and unliquidated damages only.

The consequence is, the plaintiff had no cause of action to warrant the process of attachment, and there was no error in dissolving it.

Judgment affirmed.