## TURNER *vs.* ROUNDTREE.

[ACTION ON CONTRACT TO RECOVER OVERSEER'S WAGES.]

1. *Variance between original and amended complaint not available on demurrer.*—A variance between the original and amended complaints cannot be reached by general demurrer to the amended complaint : a motion to strike out the amended complaint is the proper mode of taking advantage of such variance.

APPEAL from the Circuit Court of Jackson.
Tried before the Hon. NAT. COOK.

THE original complaint in this case was as follows :

"Lewis Turner *vs.* Seaborn J. Roundtree. The plaintiff claims of the defendant the sum of $300, for work and labor done by plaintiff for defendant, at his instance and request; also, a like sum for so much corn, fodder and oats, sold and delivered by plaintiff to defendant, at his like instance and request; also, a like sum for money paid, laid out and expended, by plaintiff for defendant, at his instance and request; and a like sum for money had and received by defendant, to and for plaintiff's use; which sum of money, with the interest thereon, is due to plaintiff."

An amended complaint was afterwards filed, in these words :

"The plaintiff claims of the defendant $300, for this : Defendant employed plaintiff as an overseer, for the year 1854, in said county, to take charge of his hands and stock, and to make a crop on his plantation ; for which said service defendant agreed to give and allow plaintiff one-fifth of all the corn, fodder, oats, and other crops made on said plantation during said year. And plaintiff avers, that he did go on defendant's plantation, and act as an overseer, and did take charge of defendant's hands and stock thereon for said year, and performed his duty as such until said crop was made, when defendant dis-

Turner v. Roundtree.

charged plaintiff from said employment, and refused to pay him for said service; and plaintiff avers, that his portion of the crops of corn, fodder and oats, raised on said plantation for said year, was reasonably worth said sum of $300, which, with the interest thereon, is now due and unpaid.

"And plaintiff claims of defendant a like sum of $300, for this : On the third day of October, 1854, in said county, plaintiff and defendant agreed to refer all their matters in dispute, in relation to the crops grown by them on said defendant's plantation for the year 1854, to the arbitrament of William Stephens, Pleasant Hodges, and Moses Maples, and their award thereon to be abided by them ; and plaintiff avers, that said referees did meet, and decide said controversy, and awarded to plaintiff, on the 7th October, 1854, the one-fifth part of said crop, which (plaintiff avers) was worth said sum of $300 ; which award defendant, on his part, failed and refused to perform and abide by ; which said sum of money became due and owing to said plaintiff, and, with the interest thereon, is still due and owing to him by defendant."

The court having sustained a demurrer to the second count of the amended complaint, "because of the insufficiency of the breach thereof," the plaintiff then filed, by leave of the court, the following additional amendment of said count :

"The plaintiff claims of the defendant a like sum of $300, for this : On the third day of October, 1854, in said county, plaintiff and defendant agreed to refer all their matters in dispute, in relation to the crops grown by them on said defendant's plantation for the year 1854, to the arbitrament of William Stephens, Pleasant Hodges and Moses Maples, and their award thereon to be abided by them ; and plaintiff avers, that said referees did meet, and decide said controversy, and awarded to plaintiff, on the 7th October, 1854, the one-fifth part of said crop, which (plaintiff avers) was worth said sum of $300 ; which award defendant, on his part, failed and refused to perform and abide by, and refused to deliver or give to said plaintiff the one-fifth part of said crop, according to the

terms of said award, though often requested so to do; which said sum of money thereby became due and owing to said plaintiff, and, with the interest thereon, is still due and owing to him by said defendant."

The court sustained a demurrer to the complaint as thus amended, "on the ground that the cause of action in said amended complaint is a departure from the cause of action set out in the original complaint;" and this ruling of the court is now assigned as error.

ROBINSON & JONES, for the appellant.

RICE, C. J.—Even if there be an unauthorized and radical variance between the cause of action set forth in the amended complaint and that set forth in the original complaint, a motion to reject or strike out the amended complaint was the proper mode of claiming advantage of the variance.—Chapman v. Spence, 22 Ala. 588; *Ex parte* Ryan, 9 Ala. 89. By failing to make such motion, and filing a general demurrer to the amended complaint, the defendant waived all objection arising out of the variance. Bryan v. Wilson, 27 Ala. 208; Cleveland v. Chandler, 3 Stew. 489; Callison v. Lemons, 2 Porter's R. 145; Cobb v. Miller, 9 Ala. 499.

It is true, that a departure in pleading may be taken advantage of, by general demurrer.—McAden v. Gibson, 5 Ala. 341. But such a departure never can occur in a complaint, nor until the replication; and is entirely different from such a variance as we are now considering.— 1 Chitty's Pl. 644.

Although a general demurrer goes back to the first substantial defect in pleading, (1 Chitty's Pl. 668;) yet it does not reach *extrinsic* matter, not disclosed *on the face of the pleading*. When an amended complaint is filed, and demurred to, it must be treated as if it were the original complaint, and properly filed. It becomes the pleading first in order; and a general demurrer to it cannot extend back to any thing behind it, but raises the single question, whether *on its face*, and without reference to any extrinsic matter, it is *legally* sufficient.—1 Chitty's Pl. 661. If it

be free from any defect in substance on its face, the demurrer to it should be overruled.

The amended complaint in this case, to which the court below sustained the demurrer, is deemed by us legally sufficient. There was error in sustaining the demurrer to it; and therefore the judgment of the court below is reversed, and the cause remanded.