ABRAMS, SURVIVING PARTNER, *vs.* SEALE, ADM'R.

[ACTION AGAINST WAREHOUSEMEN FOR FAILURE TO DELIVER COTTON.]

1. *Estoppel; when set up, what proper inquiry for jury.*—In a suit against warehousemen on cotton receipts for the non-delivery of cotton, the defendant's witnesses testified that the plaintiff, in the presence and hearing of the defendant, declared that he had sold his cotton, a part of which had already been deposited at the warehouse, to another person who was present, and who immediately directed the manager of the warehouse, in the presence and hearing of the plaintiff and defendant, to ship the cotton to his order as he received it, which was accordingly done,—*Held,* that a charge to the jury, that if these facts occurred

20

after the receipts were given for the cotton, the verdict should be for the defendant, but nothing which transpired before could bar the plaintiff's action, was erroneous, and that the proper inquiry for the jury was, whether the declarations and conduct of the plaintiff, under the circumstances, were calculated to, and did, mislead the defendant.

APPEAL from the Circuit Court of Butler.
Tried before the Hon. P. O. HARPER.

This was an action commenced by Ward, against J. R. & H. S. Abrams, as warehousemen, to recover damages for the failure to deliver seven bales of cotton stored with them on the 12th and 14th of March, 1866. During the pendency of the suit, Ward having died, his administrator was made party plaintiff, and H. S. Abrams having also died, the suit proceeded against J. R. Abrams as surviving partner.

On the trial, as appears from the bill of exceptions, there was a demurrer to the complaint, which was overruled, but as the bill of exceptions does not say that the action of the court was excepted to, it is not noticed in the opinion, and is unnecessary to be here set out. The plaintiff also proved the storing of the cotton, a demand for, and a failure to deliver, the same, and there rested his case.

The defendant then proved by J. M. Jennings, the clerk and manager of the warehouse during the year 1866, that the cotton about which the suit was brought was the last of thirty-three bales of cotton stored by plaintiff with defendant, at different times and in separate lots, during the year 1866; that after some of said cotton was received, but before the seven bales were stored in the warehouse, the plaintiff, together with the defendant, and one Green and witness, were all together at the warehouse, in February, 1866, when plaintiff, in the presence and hearing of defendant and witness, and Green, stated that he had sold his thirty-three bales of cotton to Green, and thereupon said Green, in the presence and hearing of plaintiff and defendant and witness, directed witness to ship said cotton to his commission merchant in Mobile, which was accordingly done as fast as the cotton was received at the warehouse; that plaintiff was present on one occasion when

some of said cotton was being shipped to Green, and saw it, and made no objection, nor as far as witness knew did he make any objection until months afterwards.

Verdery, a witness for defendant, testified, in substance, that he bought the cotton from Ward, as Green's agent, and directed its shipment as delivered at the warehouse; that Ward had notice of this, and did not object, but con-sented to wait for a short time for the balance of the pur-chase-money due on the cotton. The receipts for the seven bales of cotton were delivered to Ward at the time of de-livery of the cotton, for a voucher with which to settle with Green.

The plaintiff then introduced one Yeldell, and offered to prove by him the contents of a written contract between Green and Ward, in relation to the sale of the cotton, wherein it was stipulated that the cotton should only be shipped as paid for, and the receipts for the cotton to be left with Ward's agent in Greenville. This witness testified, that the contract was executed in duplicate, that one copy was left by Ward with witness, and had been lost or de-stroyed, and Green, then out of the State, had the other. Upon this predicate, the court admitted, against defendant's objection, secondary evidence to prove the contents of the written instrument, as before set out, and defendant ex-cepted. There was no evidence that the defendants or their agents had any notice of said contract or its contents. The plaintiff introduced evidence of the declarations of Green, at a time when the cotton was seized by the United States au-thorities, to the effect, that it was not his until he paid the purchase-money. It was admitted, that the defendant was not present and did not know of these declarations. The defendant moved the court to exclude this evidence, which the court refused, and defendant excepted. This, with some other testimony as to the value of cotton at the time of demand, &c., not material to the decision of the case, was all the evidence.

The court, among other charges to the jury, charged them " that if the several matters and things testified to by the witnesses for the defendant, occurred after the exe-cution and issue to Ward of the receipts for the seven bales

of cotton, for the failure to deliver which this action is brought, the verdict ought to be for the defendant; but if the several matters and things testified to by the witnesses for the defendant occurred before the execution and issue of said cotton receipts, then they could not prevent the plaintiff from recovering the value of the cotton mentioned in the receipts, at the time of the demand and failure to deliver, with interest; that nothing which occurred before the execution of the receipts could bar the plaintiff from recovering for the cotton mentioned in them." To this charge, defendants excepted. The court then gave other charges, not excepted to, and not necessary to be set out, after which it again repeated the charge before set out, and defendants again excepted.

The errors assigned are, that the court erred—

1. In overruling the demurrer to the complaint.

2. In giving the charge excepted to.

3. In allowing the contract between Ward and Green to be proved by secondary evidence, before properly proving the loss of the original.

4. In admitting the declarations of Green as to the ownership of the property, at Powell's office.

RICE, SEMPLE & GOLDTHWAITE, for appellant.

HERBERT, POWELL & BUELL, and WATTS & TROY, contra.

B. F. SAFFOLD, J.—The bill of exceptions does not say that the overruling of the demurrer to the complaint was excepted to. We will, therefore, not consider that point.

The important question in the case is the propriety of that charge of the court to which exception was taken.

The plaintiff, Ward, the intestate of the appellee, sued the defendant for damages for the non-delivery of seven bales of cotton, stored at his warehouse on the 12th and 14th of March, 1866. Jennings, a witness for the defendant, testified that about the middle of February, 1866, the defendant, Ward, Green, and himself, were at the warehouse of the defendant together, when Ward stated, in the presence and hearing of the others, that he had sold his

thirty-three bales of cotton to Green, and thereupon, immediately, Green, in the presence and hearing of the defendant and Ward, directed him, witness, who was the manager of the warehouse, to ship said lot of thirty-three bales of cotton, as delivered, to Mobile ; that a portion of this cotton was in the warehouse at the time, and the remainder, including the cotton sued for, was brought there afterwards ; that, under the above direction of Green, he shipped all of the cotton to Mobile, without any notice or objection from Ward. The defendant testified that while the shipment of some of the cotton was being made Ward was present, and saw it, and made no objection to it, and that he had no notice of any objection until several months after all of the cotton had been shipped.

Verdery, a witness for the defendant, testified that he, as agent of Green, bought this cotton from Ward, and directed its shipment as delivered at the warehouse ; that Ward had notice of it and did not object, but consented to wait for a short time for the balance of the purchase money. The defendant had given to Ward receipts for the cotton, the breach of which, as a contract, is the cause of this action.

Upon this evidence, mainly, the court charged the jury, that if the several matters and things testified to by the witnesses, for the defendant, occurred after the execution and delivery to Ward of the two cotton receipts, on the 12th and 14th of March, 1866, the verdict ought to be for the defendant, but if before, it ought to be for the plaintiff; that nothing which occurred before the execution of the receipts could bar the plaintiff's right of recovery.

This charge, given first and repeated after others had been given, confined the jury to the single inquiry whether the facts testified to by the defendant's witnesses occurred before or after the delivery of the two receipts. It declared the sufficiency of the testimony to sustain the defense, if afterwards, but nothing occurring before could defeat the complaint.

In this there was error. It matters not what contract had been made between Ward and Green. If Ward's declaration, under the circumstances of its making, was

calculated to mislead the defendant, and did mislead him as to his duty respecting the cotton, whether made before or after the receipts were given, it was his own misfortune, and ought not to be visited on the defendant. This was the inquiry for the jury, under proper instructions from the court. The giving of the receipts to Ward was not inconsistent with the sale of the cotton by Ward to Green; Ward needed them to prove his delivery of the cotton, and to settle with Green. If Ward's conversation was addressed to the defendant or his agent, or intended to be heard by them, and he heard Green direct the agent to ship the cotton to Mobile as it was delivered, without objection either at the time or before the shipment, he has no ground of action. But if it was incidental and not addressed to them particularly, nor calculated to influence them, or did not mislead them, the defendant would be liable.

The loss of the written contract between Ward and Green was sufficiently shown to admit secondary evidence of its contents.—*Sturdevant v. Gaines*, 5 Ala. 435; *Jones v. Scott*, 2 Ala. 58.

The judgment is reversed and the cause remanded.