# Harden *v.* Birmingham Trust & Savings Bank.

*Case and Assumpsit.*

(Decided June 8, 1911.    55 South. 943.)

1. *Banks and Banking; Payment of Checks; Liability.*—A bank is not liable for failure to pay a check drawn by a depositor in favor of another unless the check was presented at the proper time and place, properly endorsed; if transferred by the payee, then properly endorsed by the transferee.

2. *Actions; Joinder of Causes; Statutes; Relating Back.*—Under section 5367, Code 1907, amendments relate back to the filing of the suit, and hence, an action begun in case before 1907, was governed

by the laws existing at that time, and an amendment filed after 1907, in assumpsit, could not be joined with the action in case.

3. *Pleading; Complaint; Misjoinder; How Raised.*—Motion to strike is the proper way to raise the question of defects or misjoinder or departure in the complaint, and not demurrer.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by N. J. Harden against the Birmingham Trust & Savings Bank in case for failure to pay check. The action was begun prior to the going into effect of the Code of 1907, and after the Code went into effect the complaint was amended by adding a count in assumpsit. Judgment for defendant and plaintiff appeals. Affirmed.

ALLEN & BELL, for appellant. In the absence of malice, etc., actual damages are recoverable for the wrongful refusal of a bank to pay a depositor's check.—33 N. Y. S. 864; 69 Hun. 209; 1 Barn. & Add. 415; 130 Pa. St. 419; 39 Ill. 109; 119 U. S. 195; 63 Hun. 550; 39 Neb. 437; 31 L. R. A. 552. Though there was no claim for special damages plaintiff's commercial or financial standing was admissible in evidence.—11 L. R. A. (N. S.) 224. The motion to strike should not be sustained unless the pleading contains matters frivolous, prolix and irrelevant.—Sec. 5322, Code 1907. Hence, the court erred in striking plaintiff's 3rd count, as it stated a good cause of action. Demurrer was the proper remedy.—*Dalton v. Bunn*, 137 Ala. 175; *A. G. S. v. Clark*, 136 Ala. 450; *Troy F. Co. v. The State*, 134 Ala. 333; *Carter v. Feilds*, 30 So. 504. Where assumpsit is joined with case the misjoinder is properly raised by demurrer to the proceeding.—*Morris v. Eufaula N. Bank*, 122 Ala. 580.

TILLMAN, BRADLEY & MORROW, and M. M. BALDWIN, for appellee. In the absence of allegation and evidence

[Harden v. Birmingham Trust & Savings Bank.]

to show that it was the duty of the bank to keep the deposit separate and apart from its own funds, the relation between the bank and the depositor is that of debtor and creditor.—*Alston v. State,* 92 Ala. 124; *Tobias v. Morris,* 126 Ala. 535; *Re Franklin Bank,* 1 Page 249, 19 Am. Dec. 413 and note. When the bank has sufficient funds on deposit to pay a check of the depositor, and wrongfully refuses to pay the same, the depositor can sue only for, a breach of contract, unless he avers facts sufficient to charge the bank with a duty growing out of the relation of debtor and creditor.— *Smith v. First National Bank,* 84 Pac. 663 (Cal.), 5 L. R. A. (N. S.) 870, which has a case note reviewing the decisions as to the proper form of action; *Mobile Life Ins. Co. v. Randall,* 74 Ala. 170. An action ex delicto can be maintained only upon the theory that the bank owes a duty to the depositor not to slander his credit and business, and it is therefore necessary that the depositor allege that he was engaged in trade or business at the time payment of his check was refused.—Cooley on Torts, 3rd Ed. p. 396; *Shaffner v. Ehrman,* 139 Ill. 109, 28 N. E. 917, 15 L. R. A. 134; *Svendsen v. State Bank,* 64 Minn. 40, 65 N. W. 1086, 31 L. R. A. 552; *Bank of Commerce v. Goss,* 39 Neb. 437, 58 N. W. 84, 23 L. R. A. 190; *Patterson v. Marine Nat. Bank,* 130 Pt. St. 419, 18 Atl. 632, 17 Amr. St. Rep. 779; *Hann v. Drovers Nat. Bank,* 92 Ill. App. 611; *Callahan v. Bank,* 69 S. C. 374, 48 S. E. 293; *Wiley v. Bunker Hill Nat. Bank,* 67 N. E. 655; *Hilton v. Jessup Banking Co.,* 57 S. E. 78 (Ga.), 11 L. R. A. (N. S.) 224; *Brooks v. Tradesman Nat'l Bank,* 69 Hun. 209. When a count ex contractu is added, by way of amendment, to a complaint ex delicto, or vice versa, the only proper remedy is by motion to strike, and unless the motion is made variance is waived.—*Turner v. Round-*

*tree,* 30 Ala. 706; *Springfield, etc., Co. v. DeJarnette,* 111 Ala. 248-256; *Western Union Tel. Co. v. Crumpton,* 138 Ala. 632-641.

PER CURIAM.—The complaint as originally filed contained one count, and two others were subsequently added by way of amendment. The first two counts were in case for a breach of duty arising out of contract, and claiming special damages on account of the illegal tort. The third count is for breach of contract simply, and hence is in assumpsit.

In order to fix a liability, as for breach of duty, on a bank for a failure to pay a check of a depositor drawn in favor of another person, it must appear that the check was presented at the proper time and place, and properly indorsed by the payee, and, if it has been transferred by the payee to another, then it should be indorsed by such other person also.—*First National Bank v. Nelson,* 105 Ala. 180, 16 South. 707; Am. & Eng. Ency. of Law, vol. 5, p. 1040 et seq.; Randolph on Com. Paper, § 787. These facts must be averred and proven to authorize a recovery in an action brought in such case.

The first and second counts, as originally filed and as last amended, each fail to aver or show that the check was properly indorsed by the person presenting the same for payment. It is true that as last amended it is alleged that the check was duly indorsed by the payee, but it is not shown by the allegations of the count that the indorsement was in blank, or that the check was presented for payment by the payee. The count is left open to inference that some other person than the payee presented the check for payment, and it is not shown that the check was at the time of presentation for payment indorsed by such subsequent holder. In this respect the counts were wanting in

proper averment, and the demurrer taking the point was properly sustained.

As we have seen, the first and second counts were in case, and the third in assumpsit. Prior to the adoption of the present Code, case and assumpsit could not be joined in the same suit. The present action was commenced prior to the adoption of the present Code. The third count was introduced, by way of amendment, subsequent to the Code's adoption. The amendment related back to the commencement of the suit, and upon the question of a misjoinder in pleading is to be considered as of the time of the filing of the original complaint. Section 5367 of the Code 1907, relating to amendments, among other things, provides as follows: "* * * Or by striking out or adding new counts or statements of the cause of action, which could have been included in the original complaint or plea, and such amendment shall relate back to the commencement of the suit," etc. It is plain that the third count, which is in assumpsit, could not have been included in the original complaint with count 1, which was in case, at the time of the filing of the complaint. Motion was made to strike the third count on grounds of departure and misjoinder, which was sustained. It is insisted by appellant that by demurrer, and not by motion to strike, was the proper way to raise the objection, and that therefore the court erred in sustaining the motion.

It has been heretofore ruled by the Supreme Court that motion to strike in such cases is the proper remedy.—*Turner v. Roundtree,* 30 Ala. 706; *Springfield Co. v. DeJarnette,* 111 Ala. 248-256, 19 South. 995; *Western Union Tel. Co. v. Crumpton,* 138 Ala. 632, 36 South. 517.

We find no error in the rulings of the court, and the judgment must be affirmed. Our view and conclusion

[Western Newspaper Union v. Judson.]

render it unnecessary to consider other questions dis-
cussed by counsel.

Affirmed.

NOTE.—The foregoing opinion was prepared by Chief
Justice Dowdell, of the Supreme Court, before the
transfer of the case to this court, and was adopted by
this court.