———o———

WILLIAM H. LENOX, et al., Appellant, vs. GEORGE W. CLARKE, Respondent.

1. *Sheriff's sales, Validity of—Purchaser under.*—A purchaser at a sheriff's sale looks only to the judgment, execution, levy, and sheriff's deed. All other questions are between the parties to the judgment and the sheriff.

2. *Sheriff's sales, validity of—Erroneous judgment—Collateral proceedings.*— Where a sheriff sells land under a judgment, erroneous in the fact that it was a joint judgment whereas only one defendant was served, such judgment is not void as to the defendant served, and can only be set aside as to him by direct proceedings for that purpose, and cannot be attacked in a collateral proceeding.

*Appeal from St. Louis Circuit Court.*

A. J. P. Garesche, for Appellant.

The officer only read the writ to H. Lenox, and yet the defendant was entitled to a copy of the petition and of the writ. This service was defective. (Hickman vs. Barnes, 1 Mo., 156; Spencer vs. Medder, 5 Mo., 461; Stewart vs. Stringer, 41 Mo., 400; Blanton vs. Jamison, 3 Mo., 52; Smith's adm'r vs. Rollins, 25 Mo., 410.)

Strict compliance with the law is required. (Matthews vs. Blossom, 15 Maine, 401; Sheldon vs. Comstock, 3 R. I., 84; Dobbins vs. Thompson, 4 Mo., 118; Waddingham vs. City of St. Louis, 14 Mo., 190; Cabeen vs. Douglas, 1 Mo., 336; Sanders vs. Rains, 10 Mo., 770; Cox vs. Matthews, 17 Ind., 377.) If the service is not a legal service it is no service and the judgment is void.

Trusten Polk, for Respondents.

A title acquired by sheriff's sale upon an execution issued upon a judgment which is *erroneous* is good, and even al-

though the judgment may be afterwards reversed. (Coleman vs. McAnulty, 16 Mo., 173; McNair vs. Biddle, 8 Mo., 264; Jackson vs. Cadwell, 1 Cow., 644; Wilkinson's appeal, 65 Pa., 189, Law Jour. for Aug. 1871, p. 538; Gott vs. Powell, 41 Mo., 416, and authorities cited; Higgins vs. Peltzer, 49 Mo., 152.)

F. W. Lenox not being served, that part of the record reciting a judgment against him is mere surplusage, and cannot vitiate the judgment against Hamilton Lenox. (Higgins vs. Peltzer, 49 Mo., 152.)

A judgment which is erroneous cannot be brought in question collaterally. (Perryman vs. State to use, &c., 8 Mo., 208; Reeves vs. Reeves, 33 Mo., 28; Cabell, et al., vs. Grubbs, et al., 48 Mo., 353; Landes vs. Perkins, 12 Mo., 239, 260; Crowley vs. Wallace, 12 Mo., 143; Wilson vs. Jackson, 10 Mo., 330, 337, 382; Callahan, Pub. Adm'r, vs. Griswold, 9 Mo., 785; Farley vs. Montgomery, 5 Mo., 233; Voorhes vs. Bank of U. S., 10 Pet., 473-4-5; Hawley vs. Mancuis, 7 John., Ch. 174; Homer vs. Fish, 1 Pick., 435; Wilkinson's Appeal, 65 Pa. 189, Law Journal for Aug. 1871, p. 538.)

ADAMS, Judge, delivered the opinion of the court.

This was ejectment for a lot of land in the City of St. Louis. Both parties claim through Hamilton Lenox, deceased, the plaintiffs as his heirs at law, and the defendant under a sheriff's deed. The only point raised here, is upon the validity of the sheriff's deed. It was made in virtue of two executions, one of which was issued in an attachment case in which this land was not attached, and there was no personal judgment, the other was on an execution issued on a judgment rendered in the Phelps County Circuit Court in favor of Elisha Q. Harding against Hamilton Lenox and F. M. Lenox.

The defendant abandoned the attachment judgment, and relied on the judgment and execution in favor of Harding.

The service of the summons in that case, as appears from the sheriff's return was as follows: " Served the within named H. Lenox a true copy of the within petition and reading this writ in Phelps County, Missouri, this April 12, A. D., 1861. T. F. Jones, Sheriff."

There is no return at all as to the other defendant F. M. Lenox.

The suit was upon a note, and the court rendered a judgment by default against both defendants for the amount of the note; and it was upon an execution issued on this judgment that the land in dispute was levied upon and sold.

This judgment was rendered under the practice act of 1855. The 7th Section of Article five of that act, (Sec. 2 Revised Code 1855, page 1223) specifies several modes of executing a summons. One is by reading the writ to the defendant and by delivering him a copy of the petition; this mode was pursued by the sheriff in that case, and the return substantially shows that this mode was complied with. The same section provides that where there are several defendants, a copy of the petition and writ shall be delivered to the first one summoned, and to those subsequently summoned a copy of the writ. The last provision was evidently intended to facilitate the manner of service. It was not intended thereby to prevent a service on each defendant in the manner pointed out in the first clause. Where there were several defendants, if each was served with a copy of the petition and by reading the writ, that would be a literal compliance with the first clause of the section, and what would be good as to a single defendant ought to be good as to each of several defendants.

The service therefore of the summons was sufficient to render a valid judgment against Hamilton Lenox. But there was no service at all on F. M. Lenox, and the judgment as to him was absolutely void. It was not a nullity, however, as to Hamilton Lenox; but being a joint judgment, it was erroneous and not void, as to Hamilton Lenox. In a collateral proceeding like this, errors of this sort cannot be inquired into, until set aside by a direct proceeding. Such a judgment must stand as valid against the party notified.

A purchaser at sheriff's sale looks to the judgment, execution, levy and sheriff's deed. All other questions are between the parties to the judgment and the sheriff. As the judgment in this case was valid and only erroneous, the execution

issued thereon, and the levy and sheriff's deed being good, passed the title from Hamilton Lenox, the defendant in the execution.

Under this view, the judgment of the Circuit Court must be affirmed. The other Judges concur.