# Drakford *v.* Turk.

| 75 | 339 |
| 95 | 277 |

### *Attachment for Enforcement of Rent.*

1. *Attachment issued for cause not authorized by statute; remedy for.*—When an attachment is sued out for a cause of action upon which the statutes do not authorize its issue, the irregularity can not be reached by a plea in abatement, or by a motion to quash; but the appropriate method of reaching such irregularity is a rule upon the plaintiff to show cause against the dissolution of the writ and its levy; and the motion for the rule must precede a plea to the merits.

2. *Lien of landlord on crops grown on rented lands; when does not exist in favor of mortgagee of landlord.*—A mortgagee, giving notice to the tenant of the mortgagor, that he claims the rent falling due in the future, does not become, by virtue of the notice, entitled to the statutory lien on the crops grown on the rented premises for the payment of the rent; nor can he enforce the lien by attachment.

3. *When tenant of mortgagor not tenant of mortgagee.*—When a mortgage on lands is executed prior to the renting of the premises by the mortgagor, and prior to the entry of the tenant, a mere notice by the mortgagee, that he claimed the rent, does not convert the tenant into the tenant of the mortgagee.

APPEAL from Macon Circuit Court.

Tried before Hon. JAMES E. COBB.

This was an attachment commenced by A. H. Drakford and Campbell & Wright against Lorenzo Turk, to enforce an alleged landlord's lien on crops grown on rented lands for the rent. On motion of the defendant, the court granted a rule upon the plaintiffs to show cause against the dissolution of the writ and levy. The ground of the motion was, in substance, that the relation of landlord and tenant, resulting from contract, did not exist between the plaintiffs and defendant; and that, therefore, they had no lien on the crops levied on. On the evidence introduced on the hearing, the court, a jury having been waived, rendered judgment, "dissolving, dismissing and quashing the writ of attachment;" to which ruling the plaintiffs excepted. The opinion does not render it necessary to set out the evidence introduced on the trial.

The ruling above noted is here assigned as error.

[Drakford v. Turk.]

W. C. Brewer, for appellant.

J. A. Bilbro, *contra*.

BRICKELL, C. J.—When an attachment is sued out for a cause of action upon which the statutes do not authorize its issue, the irregularity can not be reached by a plea in abatement, or by a motion to quash it. Such plea, or motion is appropriate only to reach defects or irregularities apparent on the face of the affidavit, bond, or writ, and do not involve an inquiry into the nature or character of the cause of action. The appropriate method of reaching the objection, that the writ will not lie for the enforcement of the particular cause of action, is a rule upon the plaintiff to show cause against the dissolution of the writ and its levy; and the motion must precede a plea to the merits.—*Jordan v. Hazard*, 10 Ala. 221; s. c. 12 Ala. 180; *Brown v. Coats*, 56 Ala. 439; *Rich v. Thornton*, 69 Ala. 473.

The motion for the rule to show cause why the attachment should not be dissolved was interposed, and is the motion upon which the judgment of the circuit court dissolving the attachment is founded. The question, therefore, now raised is, whether a mortgagee, giving notice to the tenant of the mortgagor, that he claims the rent falling due in the future, by virtue of the notice, becomes the landlord of the tenant, entitled to the statutory lien on the crops grown on the rented premises for the payment of the rent, and can by process of attachment enforce the lien. The question must be answered negatively. There is no relation of privity or contract between the mortgagee and the tenant; and if there is a relation arising between them which can be denominated that of landlord and tenant, it arises only by implication of law. The statute contemplates only the conventional relation of landlord and tenant, subsisting because of the contract between the parties. It has not been construed as extending to the relation when arising by implication or operation of law, working an entire change of the party standing according to the contract in the relation of landlord.—*Tucker v. Adams*, 52 Ala. 254. But in this case the mortgage was executed before the renting of the premises, and before the entry of the tenant. A mere notice by the mortgagees that they claimed the rent, would not convert the tenant into the tenant of the mortgagees.—*Comer v. Sheehan*, 74 Ala. 452.

There was no error in the judgment of the circuit court, and it must be affirmed.