[Adair v. Stone.]

# Adair v. Stone.

### Rent Attachment.

1. *Motion to strike out amended complaint; error not shown.*—Where several amended complaints are set out in the record, and it does not appear to which one of them a motion to "strike out the amended complaint" refers, the motion is properly overruled, if any one of the amendments is good.

2. *Demurrer.*—When the record does not show the grounds of demurrer, if any were specified, this court can not say that the demurrer was improperly overruled.

3. *Suing out attachment, on cause of action not authorizing it; how defects may be taken advantage of.*—When an attachment is sued out on a cause of action which does not authorize a resort to that process, the defect can only be reached by a rule on the plaintiff to show cause why the attachment should not be dissolved; neither a plea in abatement, nor a motion to quash, or to strike out, will reach it.

4. *Plea denying tenancy, and evidence in support thereof.*—In an attachment suit by a landlord, claiming rent, the defendant may deny the relation of landlord and tenant, and show that he entered and held as a purchaser of the lands.

APPEAL from the Circuit Court of Tallapoosa.

Tried before the Hon. JAMES E. COBB.

This was an attachment suit for rent by the appellee, William D. Stone, against the appellant, James R. Adair. The allegations of the affidavit as to the contract between the parties were, "that James R. Adair will be on December 25, 1885, justly indebted to affiant in the sum of $175, for the rent of certain lands in Tallapoosa county, Alabama, which belong to affiant, and which affiant rented to said James R. Adair for the year 1885, and the said Adair agreed to pay affiant as rent for said lands for said year, one-fourth of all the cotton and cotton seed and one-third of all the grain, peas and fodder raised by him during said year, and said Adair, under said agreement with affiant, entered upon and cultivated said lands during said year, as affiant's tenant, and the sum of $175 is the true value of one-fourth the cotton and cotton seed and one-third of the grain, peas and fodder raised on said land during said year by said Adair, and agreed to be received and paid as rent."

The complaint, designated in the transcript as "original complaint," alleges the contract substantially as set forth in the affidavit, and then follow additional counts, designated in the transcript as 1st, 2d, 3d and 4th amended complaints, as follows:

8

·[Adair v. Stone.]

1st amended complaint : " The plaintiff further claims of the defendant $175 for the rent of land rented by defendant from plaintiff in Tallapoosa county, Alabama, for the year 1885, and plaintiff avers, that defendant agreed to pay the plaintiff as rent for said land, the *customary rent* for land, and he avers the customary rent for land is one-third of the grain and one-fourth of the cotton raised on said land, and one-third the grain and one-fourth the cotton raised by the defendant during the year 1885, is of the value of $175."

2d amended complaint : "Plaintiff further claims of the defendant $175 for rent of land for the year 1885, rented by plaintiff to defendant, due December 25, 1885."

3d amended complaint : "Plaintiff further claims of the defendant the sum of $175, due by account for rent of land rented by defendant from plaintiff for the year 1885, which rent was due December 25, 1885, and said amount is due and unpaid."

4th amended complaint : "Plaintiff further claims of the defendant, for the *use and occupation* of land during the year 1885, the sum of $175, due December 25, 1885, said land belonging to plaintiff and being occupied by defendant."

The said words, " 1st amended complaint," " 2d amended complaint," and so on, are placed opposite the above counts in the margin of the transcript, and it does not otherwise appear which of the counts were added by way of amendment.

The transcript sets forth that the defendant, " for answer to *the complaint*," filed the following pleas : 1st. *Non assumpsit.* " 2d. That he was not the tenant of the plaintiff for the year 1885 ; that he rented no land from him for that year, and did not promise to pay him any rent for same." " 3d. That he did not occupy or cultivate the lands of plaintiff during the year 1885 ; that all the lands he cultivated that year were his (defendant's) lands, and he made no contract with plaintiff to rent or cultivate any lands of his during the year 1885, or any other year." " 4th. That he made no contract with plaintiff by which he agreed to pay him one-third the grain and one-fourth the cotton raised on any lands in Tallapoosa county, for the year 1885, for rent." " 5th. That he cultivated the lands for the rent of which this suit is brought *under a purchase* of the same, and that he got the possession and occupied said lands during the year 1885, under said purchase and as his own lands and not under any sort of rent contract with plaintiff or other person."

The plaintiff demurred to the 2d, 3d and 4th pleas, and the demurrers thereto were sustained ; the defendant

[Adair v. Stone.]

demurred to the " amended complaint," and this demurrer
was overruled. The demurrers are not set forth in the bill
of exceptions or elsewhere in the record. The following is
the judgment entry in reference thereto : " Come the parties
by their attorneys, and the plaintiff demurs to the 2d, 3d
and 4th pleas of the defendant, and the demurrer is sus-
tained to each of said pleas severally; and by leave of the
court, the plaintiff amends his complaint, and to said
amended complaint, the defendant demurs, and the said
demurrer is overruled by the court."

The bill of exceptions sets forth that " the plaintiff filed an
*amended complaint* by adding a new and additional count,
which amendment defendant moved to strike from the file,
because the same was a departure from the affidavit in the
attachment and set up a different contract from that alleged
in said affidavit, which motion the court denied, and defend-
ant duly excepted. Issue being joined on the pleadings,
the proof tended to show, that, in the fall of 1884, plaintiff
made a contract with two parties as agents of defendant for
the rent of a tract of land in the county of Tallapoosa, for
the customery part of the crops grown for the year 1885.
Defendant then offered to prove, that he did not go into the
possession of the land under *that* contract, but that if any
such rental contract ever existed, the same was cancelled,
and he purchased said land and went into possession under
his purchase and cultivated the land as his own. Plaintiff
objected to this testimony, the court sustained the objection,
and defendant duly excepted. Defendant then offered to
prove, that no contract of renting existed 'between himself
and plaintiff at the commencement of the suit or at the time
of the trial, because he had purchased the land and entered
into possession of it under said purchase. The court sus-
tained plaintiff's objection to this testimony and defendant
duly excepted."

The rulings of the court to which exceptions were
reserved, are assigned as error.

W. D. BULGER, for appellant.

DOWDELL & DENSON, *contra.*

SOMERVILLE, J.—The first assignment of error is based
upon the action of the court in overruling appellant's motion
to strike " the amended complaint" from the file. If we
construe this (most favorably to appellant;) to mean the
amendment to the original complaint, we can not see from
the judgment entry, or bill of exceptions, which of the counts

[Adair v. Stone.]

were added by way of amendment, and therefore the motion was properly overruled if any one of the new counts was good, and properly joined with the original complaint. It is not insisted, nor can be, that all of the new counts were bad or improperly joined. Without passing on the question as to whether the mode adopted to reach the supposed defect was the proper one, we hold that the record shows no error in the ruling of the court.

2. The demurrer to the amended complaint not being set out in the record, we can not say that the court erred in overruling it.

3. When an attachment is improperly sued out upon a cause of action not within the class of cases in which this extraordinary process is authorized by statute to issue, the irregularity can, under our practice, be reached only by a rule on the plaintiff, to show cause why the writ of attachment should not be dissolved. Neither a plea in abatement, motion to quash, nor motion to strike out, will reach the defect.—*Drakeford v. Turk*, 75 Ala. 339; *Rich v. Thornton*, 69 Ala. 473; *Dryer v. Abercrombie*, 57 Ala. 497; *Brown v. Coats*, 56 Ala. 439.

We need not pass on the demurrers to the second, third and fourth pleas, as they do not seem to have been framed with reference to the amended complaint, and the judgment must be reversed for another reason.

4. The evidence proposed to be introduced by the defendant tended to show that he held the lands, for which the plaintiff claimed rent, as a *purchaser*, and not as a tenant, or by way of use and occupation. This in no manner sought to assail the regularity of the attachment, nor to raise any question as to the propriety of the remedy of attachment, as a legal mode of enforcing the alleged contract. The evidence went to the merits of the claim sued on, by denying the essential averments of the complaint itself. It tended to support defendant's fifth plea, to which no demurrer was interposed, and the court erred in excluding it from the jury.—*Tucker v. Adams*, 52 Ala. 254, 258.

Reversed and remanded.