(79 South. 192)

CRABTREE v. STREET.    (7 Div. 938.)

(Supreme Court of Alabama.    May 16, 1918. Rehearing Denied June 20, 1918.)

1. USE AND OCCUPATION ⟐⟐1 — CONTRACT — STATUTE.

To support action for use and occupation under Code 1907, § 4753, there must be a contract, express or implied, creating relation of landlord and tenant, or bringing parties into relation imputing like rights and duties.

2. USE AND OCCUPATION ⟐⟐11 — PEACEABLE POSSESSION—JURY QUESTION.

In action for use and occupation, under Code 1907, § 4753, where evidence was in conflict as to plaintiff's peaceable actual possession, averred to have been broken by defendant's tortious entry, court improperly gave, ex mero motu, affirmative charge for plaintiff, which should not even have been given on request, jury question being presented.

3. TRIAL ⟐⟐140(1) — CREDIBILITY OF PAROL EVIDENCE—QUESTION FOR JURY.

Credibility of parol evidence is for jury.

4. EVIDENCE ⟐⟐181—SECONDARY EVIDENCE—PREDICATE.

Sufficient predicate should be laid for introduction of secondary evidence.

5. EVIDENCE ⟐⟐183(3) — SECONDARY EVIDENCE—PREDICATE.

When paper alleged to be lost is in possession of one of two persons, or is in one of two places, as predicate for secondary evidence of contents it must be shown that by due diligence

it could not be found in possession of either person or at either place.

6. EVIDENCE ⊙⇒186(2) — SECONDARY EVIDENCE—CONTENTS OF WRIT.

Proof of contents of lost writ should be made by official in office at time of issue or execution, or by some person who actually knew contents.

Appeal from Circuit Court, Clay County; Hugh D. Merrill, Judge.

Suit by J. C. Street against W. S. Crabtree. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under section 6, Act of April 18, 1911, p. 449. Reversed and remanded.

See, also, 200 Ala. 442, 76 South. 374.

James W. Strother, of Dadeville, for, appellant. Riddle & Riddle, of Talladega, for appellee.

THOMAS, J. The suit is for use and occupation, where the defendant is alleged to have entered into possession of the land unlawfully.

[1] Under the Code of 1907, § 4753, it has been held that a plaintiff cannot recover for use and occupation, unless the defendant entered into the possession unlawfully under such circumstances as that he could not deny the plaintiff's right of possession. The term "unlawfully," as used in subsection 4 of section 4753 of the Code, is held to indicate "a possession acquired by an intrusion without a bona fide claim of title upon the plaintiff's actual possession." The harmony of the law on the subject, preserved by the construction given the statute, demands that, to support an action for use and occupation, there shall be a contract, express or implied, "either creating the technical relation of landlord and tenant or bringing the parties into a relation imputing like rights and duties." Crabtree v. Street, 76 South. 374;[1] Davidson v. Ernest, 7 Ala. 817; Grady v. Ibach, 94 Ala. 152, 10 South. 287.

[2] The court gave the affirmative charge for the plaintiff, notwithstanding the evidence was in conflict as to plaintiff's "peaceable actual possession," averred to have been broken by defendant's tortious entry under such circumstances as that the latter could not be heard (in a suit for use and occupation) to deny plaintiff's better right to the possession. A jury question was thus presented; the affirmative instruction should not have been given on request, much less by the court ex mero motu, as it was done in that part of the oral charge to which exception was duly reserved.

[3] The credibility of parol evidence is for the jury. Shipp v. Shelton, 193 Ala. 658, 69 South. 102; Scott v. State, 110 Ala. 48, 52, 20 South. 468; Allen v. Caldwell, 149 Ala. 293, 298, 42 South. 855; Thomas v. De Graffenreid, 17 Ala. 602; Costillo v. Thompson, 9 Ala. 937. Moreover, the general charge excepted to was on the effect of the evidence, and was without hypothesis.

[4-6] A sufficient predicate should be laid for the introduction of secondary evidence. Stuart v. Mitchum, 135 Ala. 546, 33 South. 670; Ayers v. Roper, 111 Ala. 651, 654, 20 South. 460. When a paper alleged to be lost is in the possession of one of two persons, or is in one of two places, before secondary evidence of its contents can be admitted, it must be shown that by due diligence it cannot be found in the possession of either of such persons, or at either of the two places. Bogan v. McCutchen, 48 Ala. 493; Saunders v. Tuscumbia, etc., Co:, 148 Ala. 519, 522, 41 South. 982; Phœnix Assurance Co. v. McAuthor, 116 Ala. 659, 664, 22 South. 903, 67 Am. St. Rep. 154. This rule governing the introduction of secondary evidence will be observed, on another trial, by producing the original writ in question or accounting for its absence by diligent inquiry in the issuing clerk's office, in the office of the sheriff who is said to have executed the writ, and in the office of the justice trying the cause in the first instance, as well as by inquiry of the person to whom the writ proceeded from the circuit court. The proof of the contents of the lost instrument should be made by the official in office at the time of its issue or of its execution, or by some person who actually knew its contents.

It will suffice for the purposes of another trial, to say that there was no error in the rulings on the pleadings.

The judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.