(105 So. 722)

## MACK v. BEELAND BROS. MERCANTILE CO.   (3 Div. 497.)

(Court of Appeals of Alabama.   June 30, 1925. Rehearing Denied Aug. 4, 1925.)

1. **Landlord and tenant ⬅51—In lease for term of years reserving rent, rent and reversion only reserved to lessor.**

Where a lease is first made for a term of years reserving rent, there is nothing besides reserved to lessor but reversion.

2. **Mortgages ⬅199(1) — Mortgage made by lessor subsequent to lease for term of years is of reversion, and carries with it rent not due.**

Where lease is made for term of years reserving rent, mortgage or other conveyance afterwards made by lessor is mortgage of reversion, and carries with it rent, which is not due, as mere incident.

3. **Mortgages ⬅199(1)—Mortgagee held entitled to rents only when intercepting them by notice or legal proceedings.**

Where lease is first made for term of years reserving rent, and lessor afterwards executes mortgage of reversion, by reason of his privity of estate, mortgagee is entitled to rents past due and unpaid, as well as those accruing in future, but, until he intercepts them by notice or legal proceeding, tenant may pay them to mortgagor; notice creating relation of landlord and tenant between mortgagee and tenant in possession.

4. **Landlord and tenant ⬅50—Lease executed after mortgage held not binding on mortgagee.**

Where lease for term of years reserving rent is executed after mortgage, it is not binding on mortgagee, and may be annulled or extinguished at his pleasure, and tenant holding such lease may be treated by mortgagee as trespasser and ejected without notice.

5. **Landlord and tenant ⬅15—Mortgagee of land subsequently leased by mortgagee cannot make tenant in possession his own tenant by giving notice to pay rent since there must be attornment.**

Where lease for term of years reserving rent is executed after mortgage, mortgagee cannot make tenant in possession his own tenant, merely by giving him notice to pay rent, since to create relationship there must be attornment of tenant, or some act operating as its legal effect.

6. **Mortgages ⬅199(1)—Mortgagor entitled to possession of property until earnings therefrom claimed by mortgagee.**

It is contemplated that mortgagor should continue to hold possession of mortgaged property, and should be permitted to operate and use it and receive earnings therefrom until such earnings are claimed by mortgagee.

7. **Mortgages ⬅199(1)—Mortgagee held not to have acquired lien on cotton reserved as rent by notice served.**

Mortgagor executed mortgage on land in 1920. Land was rented for year 1922; tenant agreeing to pay therefor in cotton. On July 15, 1922, creditor of mortgagor sued out attachment against him and levied writ of garnishment on

tenant. On September 23, 1922, mortgagee notified tenant that she elected to declare mortgage debt due and demanded payment of rent for 1922. *Held*, in view of Code 1907, §§ 2948, 4300, 4304, that creditor in garnishment acquired valid lien which attached to cotton on day of levy, and that mortgagee acquired no lien on cotton by notice served.

Appeal from Circuit Court, Butler County; Arthur E. Gamble, Judge.

Claim suit between Fannie Belle Mack, claimant, and Beeland Bros. Mercantile Company, plaintiff. From a judgment sustaining demurrer to, and dismissing, her claim, the claimant appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Mack, 213 Ala. 554, 105 So. 725.

Powell & Hamilton, of Greenville, for appellant.

Plaintiff stands in the shoes of defendant Parker; if Parker was not entitled to the rent as against claimant, plaintiff is not entitled to it.   12 R. C. L. 778; Shelton v. Wolthausen, 80 Conn. 599, 69 A. 1030, 125 Am. St. Rep. 131; Weil v. Tyler, 38 Mo. 558, 90 Am. Dec. 441; Goodwin v. Clayton, 137 N. C. 224, 49 S. E. 173, 67 L. R. A. 225, 107 Am. St. Rep. 479; Harris v. Miller, 71 Ala. 26; Henderson v. Ala. G. L. I. Co., 72 Ala. 32; Toomer, Sykes & Billups v. Randolph, 60 Ala. 356; Feore's Case, 161 Ala. 568, 49 So. 871. Claimant, mortgagee, demanded rents of the tenant, garnishee, before they became due. Thus neither plaintiff nor Parker was entitled to them, but they passed to claimant. Mansony & Hurtwell v. U. S. Bank, 4 Ala. 735; Marx v. Marx, 51 Ala. 224; Scott v. Ware, 65 Ala. 188; Code 1907, § 3365; Hutchinson v. Dearing, 20 Ala. 798; Knox v. Easton, 38 Ala. 345; Watford v. Oates, 57 Ala. 295; Comer v. Sheehan, 74 Ala. 457; Kirkpatrick & Co. v. Boyd & Boyd, 90 Ala. 449, 7 So. 913.

Lane & Lane, of Greenville, for appellee.

By the service of the writ of garnishment the plaintiff acquired a lien on the fund shown by the answer of the garnishee, superior to that of the mortgagee. Code 1907, §§ 2948, 4300, 4304. Immaturity of the claim is immaterial. Henry v. McNamara, 124 Ala. 412, 26 So. 907, 82 Am. St. Rep. 183; Cunningham & Son v. Baker Co., 104 Ala. 168, 16 So. 68, 53 Am. St. Rep. 27; Johnston & Stewart v. Riddle, 70 Ala. 219; Lamar v. Johnson, 16 Ala. App. 648, 81 So. 140. The mortgagee has no privity of contract with the tenant, and acquired no lien on the rents. Comer v. Sheehan, 74 Ala. 457; Mortgage Co. v. Turner, 95 Ala. 276, 11 So. 211; Coffey v. Hont, 75 Ala. 238. Appellant's claim should allege, and the proof show, a superior claim to that of the plaintiff. It was properly dismissed. Central B. & T. Co. v. Ala. B. & M. Co., 204 Ala. 410, 85 So. 738; Seals v. Holloway, 77

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Ala. 344; Camp v. Hatter, 11 Ala. 151; Blackman v. Smith, 8 Ala. 103.

RICE, J. One Parker executed a valid mortgage, which was duly of record to appellant, covering the lands upon which was grown the cotton, the subject of this controversy, during the year 1920. Prior to, and on, and continuously after, January 1, 1922, this mortgage was in default, but, except as hereinafter noted, Parker's possession remained undisturbed.

The said lands were rented for the year 1922 by Parker to one Bush; the said Bush agreeing to pay, on October 1, 1922, as rental therefor, 1,000 pounds of lint cotton.

On July 15, 1922, appellee sued out an attachment against the said Parker, which was levied by the issuance of a sheriff's writ of garnishment directed to the said Bush, and executed on July 27, 1922.

On September 23, 1922, appellant properly notified Bush, Parker's tenant, that Parker had made default in the payment of the mortgage debt; that she elected to declare the entire mortgage indebtedness due, under the terms of the mortgage, and demanded payment of the rent of the lands for the year 1922, also notifying him not to pay the rents to any other person than appellant or her attorneys.

The garnishee, Bush, filed his answer on October 7, 1922, to the writ of garnishment served upon him, in which he set forth the facts as outlined above, and further that the 1,000 pounds of lint cotton, which he was to pay, had been stored in a warehouse, a receipt taken by him therefor, and said receipt left with the Bank of Greenville, with instructions to deliver same to such person as the court should adjudge entitled to it. Later appellant, under the statutes, filed her claim to the aforementioned cotton, setting up the facts as we have stated them.

Appellee filed appropriate demurrers to appellant's said claim, pointing out that the same showed as a matter of law that appellant's claim to said cotton was subordinate to that of appellee, and, from the judgment sustaining said demurrers and (appellant declining to plead further) dismissing appellant's claim, this appeal is prosecuted.

There is nothing in the record that questions the validity or regularity of the attachment proceedings, or the service of the sheriff's garnishment.

The controlling issue in the case, we think, is properly presented for our decision; that is, whether the appellant (claimant) has a claim or demand upon the above-mentioned cotton superior to the rights of the plaintiff or garnishing creditor (appellee) derived from the garnishment process. Further than this, the appellant (claimant) has no concern with the debtor and the garnishee, or with the issues in their respective proceedings. Nor-

wood & Co. v. Voorhees, Miller & Co., 129 Ala. 314, 29 So. 680.

We have been furnished with excellent briefs, both on behalf of appellant and appellee, and while there may appear to be, and perhaps are, some holdings in some of the cases cited by appellant, inconsistent with some of those, on similar questions, in the cases cited by appellee, yet we think the controlling principles are reasonably clear.

As said in the opinion in the case of Am. Freehold Land Mtge. Co. v. Turner, 95 Ala. 272, 11 So. 211:

"A mortgagor in possession of the mortgaged lands is the owner, against all persons and for all purposes, except as against his mortgagee; but as to him, there being no reservation of right to the possession or to the rents in the conveyance, he is a mere tenant at sufferance. The mortgagee may enter, or bring ejectment to recover possession. But, if he does not enter, or bring ejectment, or give notice that he claims the rents, the mortgagor is entitled to the rents. All payments of rent by his tenants to the mortgagor, before entry or notice, will be sustained. After the law day of the mortgage, the tenants of the mortgagor who have become such after the execution of the mortgage are not the tenants of the mortgagee."

To a similar effect is the holding in Drakford v. Turk, 75 Ala. 339, from which we quote as follows:

"But in this case the mortgage was executed before the renting of the premises, and before the entry of the tenant. A mere notice by the mortgagees that they claimed the rent would not convert the tenant into the tenant of the mortgages."

The case of Comer v. Sheehan, 74 Ala. 452, cannot be distinguished in many respects deemed by us material, on the facts or law, from the case at bar. In that case it was held:

"If the land is in the possession of a tenant, under a lease executed by the mortgagor subsequent to the mortgage, statutory notice to him [tenant] by the mortgagee, * * * 'vests in him [mortgagee] the right to the possession,'" etc. "But, while he may, possibly, thereby acquire a right to maintain an action for future use and occupation, he cannot recover rents past due and unpaid, which the mortgagor had already transferred to another."

True, in the case just quoted from, the notice mentioned was given by the mortgagee, in his capacity as purchaser, at his own mortgage sale, but we cannot see that the principle is different in such case from what it would be in the case before us, certainly not different in the sense that appellant (mortgagee) here can claim any stronger position with reference to the rents than was occupied by the mortgagee in the Comer v. Sheehan Case. It might be said that in that case the notice by the mortgagee was given to the tenant of the mortgagor before the rent in question was actually due, although,

because of an arrangement between the mortgagor, the tenant, and a third party, the note evidencing the amount of the rent, and payable to mortgagor, had been, prior to date of the notice from mortgagee, transferred to said third party, in such sort that the Supreme Court was led to remark:

"The case must therefore be regarded as one of a lease made by a mortgagor, subject to the rights of the mortgagee, where the tenant has undertaken to pay the entire rent for the year in advance."

And the mortgagee was denied recovery. And in the case of Ala. Nat. Bank v. Mary Lee Coal & Railway Co. et al., 108 Ala. 288, 19 So. 404, it was said:

"The rule is well established in such cases that, until the mortgagee does actually intervene for the purpose of intercepting the rents, incomes, and profits of the mortgaged estate, these belong to the mortgagor, and upon such intervention after the law day, either by notice to tenants of the mortgagor to pay rents to the mortgagee, by the latter's entry for condition broken, or by the appointment of a receiver at the suit of the mortgagee on a bill averring insufficiency of the mortgaged property to pay the debt, and praying the interception of the rents for that purpose, such only of the rents, incomes, and profits as have not accrued, such only as do accrue after such notice, or entry, or appointment of a receiver, may thus be intercepted and be applied to the mortgage debt."

[1-3] Of course it will be kept in mind that there is a distinction between the rights of the mortgagee, as against a tenant, where the mortgage is prior in point of time to the lease, and where it is subsequent to it. Where a lease is first made for a term of years, reserving rent, there is nothing besides reserved to the lessor, apart from the benefit of certain covenants, but the reversion. A mortgage, or other conveyance, afterwards made by the lessor, is therefore a mortgage of the reversion, and carries with it the rent, which is not due, as a mere incident. By reason of his privity of estate, the mortgagee is entitled to the rents, past due and unpaid, as well as those accruing in the future, but, until he intercepts them by notice, or legal proceedings, the tenant is justified in paying them to the mortgagor. The effect of demand by notice is to create, of itself, the relation of landlord and tenant between the mortgagee and tenant in possession under the lease.

[4, 5] But the rule is different where the lease is executed after the mortgage. It is not, in such case, binding on the mortgagee, and may be annulled or extinguished at his pleasure. The tenant, moreover, who holds such lease, may be treated by the mortgagee as a mere trespasser, and ejected without notice. The mortgagee cannot, as in the former case, make the tenant in possession his own tenant, merely by giving him notice to pay rent. To create this relationship, there is required to be an attornment of the tenant, or some act on his part which will operate as its legal effect. As stated in the Drakford v. Turk Case, supra:

"The question therefore now raised is whether a mortgagee, giving notice to the tenant of the mortgagor, that he claims the rent falling due in the future, by virtue of the notice, becomes the landlord of the tenant, entitled to the statutory lien on the crops grown on the rented premises for the payment of the rent, and can by process of attachment enforce the lien. The question must be answered negatively."

See note to Winnisimmet Trust, Inc., v. Fred M. Libby et al. (Mass.) 14 A. L. R. 638 (648).

Further, to use the language of the opinion in Am. Freehold Land Mtge. Co. v. Turner, supra:

"The mortgagor [mortgagee?] may claim the rents after the law day, and after notice may recover the rent which accrues thereafter; but the right to recover rents in such cases does not grew [grow?] out of the relation of landlord and tenant. It is the right to recover for the use and occupation of his premises, the value of which is fixed by the rental agreement, where he gives notice that he will claim the rents."

Section 4300, Code 1907, provides, among other things:

"A garnishment, as employed in this Code, is process to reach and subject money or effects of a defendant in attachment, * * * in the possession or under the control of a third person, * * * or liabilities to him [defendant] on contracts for the delivery of personal property, or on contracts for the payment of money which may be discharged by the delivery of personal property, or on contracts payable in personal property. * * *"

Section 4304, Code 1907, provides:

"Upon * * * the officer filing the same must issue process of garnishment * * * requiring the garnishee to appear * * * and answer, upon oath, whether, at the time of the service of the garnishment * * * he was indebted to the defendant * * * and whether by a contract then existing, he is liable to him for the delivery of personal property. * * *"

By section 2948, Code 1907, it is provided:

"The levy of an attachment, or service of a garnishment, creates a lien in favor of the plaintiff."

And, as said by Mr. Chief Justice Brickell in the opinion in the case of Henry v. McNamara, 114 Ala. 107, 122 So. 428:

"The lien, therefore, attaches to any debt of the garnishee to the defendant owing at the time of the service, * * * or in the future,

under a contract existing at the time of the service or answer."

See 12 R. C. L. p. 779.

[6] Conclusive, we think, as to the correctness of the holding we shall presently announce in the instant case, or at least, to us, satisfyingly persuasive, is the following excerpt from the opinion by our Supreme Court in the case of Johnston & Stewart v. Riddle, 70 Ala. 219, which case we think involves the identical principles here controlling:

"It is clearly contemplated that the mortgagor should continue to hold possession of the mortgaged property, and should be permitted to operate and use it, and receive and appropriate its earnings, until such earnings should be claimed by the trustees in the mortgage. Until a claim was interposed, therefore, by the mortgagees or trustees, the earnings belonged to the railroad company, who was in this case the mortgagor and defendant in the judgments upon which the several garnishments in question were sued out. This view of the question is fully sustained by the adjudged cases. 1 Jones Mortg. § 670; Fosdick v. Schall, 99 U. S. 235 [25 L. Ed. 339]; Bridge Co. v. Heidelbach, 94 U. S. 798 [24 L. Ed. 144]; Gilman v. Telegraph Co., 91 U. S. 603 [23 L. Ed. 405]; Galveston R. R. v. Cowdrey, 11 Wall. 459 [20 L. Ed. 199]; Noyes v. Rich, 52 Mo. 115. * * * The garnishment was therefore a lien on the money, prior in time and equity to any claim or lien sought to be asserted by the mortgagees."

And see Lamar v. Johnson, 16 Ala. App. 648, 81 So. 140.

[7] While space forbids our discussing them in detail, yet we are of the opinion that the cases cited by appellant's counsel in their splendid brief will each, upon close analysis, be found either not applicable to the issue treated here, or not fundamentally inconsistent with the views expressed and quoted above. Basing our opinion, in accordance with statute, upon the prior decisions of the Supreme Court, as we construe and understand them, we hold:

(1) On July 27, 1922, there was a valid, subsisting debt owing by Bush to Parker, to become due later, under a contract then existing.

(2) Appellee by the garnishment acquired a valid lien on the cotton in question which fastened or attached on that day.

(3) Appellant acquired no lien on the said cotton by the notice served on Bush on September 23, 1922.

(4) The trial court properly sustained the demurrers to appellant's claim.

What we have said above disposes of all the assignments of error argued and insisted upon, and the others must be considered waived. There appearing no prejudicial error in the record, let the judgment be affirmed.

Affirmed.