(132 So. 43)
## FIRST NAT. BANK OF RUSSELLVILLE
## v. WELCH.
### 8 Div. 969.

Court of Appeals of Alabama.
June 24, 1930.

Rehearing Denied Aug. 19, 1931.

Reversed on Mandate Jan. 13, 1931.

J. Foy Guin, of Russellville, for appellant.

H. H. Hamilton, of Russellville, for appellee.

SAMFORD, J.

The facts upon which this case was submitted for decision in the court below were agreed to, and were as follows:

"On the trial of the above cause, on the merits it is agreed as follows:

"The lands on which the rents are claimed by plaintiff were formerly owned by Eva Ezzell, who on to-wit: April 3, 1923, executed a mortgage to R. Bullin. This mortgage is Exhibit 'A' to this agreement. Said mortgage on September 3, 1925, was transferred to plaintiff. The written transfer is made Exhibit 'B' hereto.

"On Nov. 23, 1925, Eva Ezzell gave another mortgage to plaintiff, which is made Exhibit 'C,' hereto. About May 23, 1927, plaintiff foreclosed these two mortgages. The foreclosure deed is made Exhibit 'D' hereto.

"Prior to January 1, 1927, the defendant rented a portion of the lands conveyed in said mortgage and foreclosure deed, went into possession, remained in possession during the year 1927, and raised a crop of corn and cotton under said rent contract made with Eva L. Ezzell, whereby he was to pay as rent ⅓ of the corn and ¼ of the cotton raised. On this basis it is agreed that the rent of the land for that year would have been $50.00, and that this was a reasonable rental for the lands cultivated by defendant for that year.

"The rent was not paid to the bank at maturity, and this attachment suit was filed. In the meanwhile, A. B. Ezzell, brother of Eva L. Ezzell and claiming to act as her agent had forcibly taken possession of, and removed thirty-five bushels of the rent corn, valued at thirty-five dollars ($35.00).

"The Sheriff levied the writ of attachment on about thirty-five bushels of corn in defendant's possession, which was grown in 1927 on the rented lands and sold the same as perishable property for thirty-five and 25/100 dollars, which was its value, and which money is in the hands of the Court.

"It is agreed that the court may decide the question of liability, and the amount thereof, if any, from this statement of facts, same being the entire evidence in the case.

"It is further agreed that the defendant agreed with the bank cashier to haul the rent corn off the place and to deliver it to an agent for the bank, and that the bank agreed, to pay him for the hauling. He was prevented from doing this by the act of A. B. Ezzell as aforesaid in forcibly seizing said rent corn.

"No part to (of) the rent for said year has been paid to plaintiff."

In order to support an action for use and occupation as provided and defined in section 8820 of the Code 1923, there must be a contract, either express or implied, creating the relation of landlord and tenant, or facts which bring parties into a relation imputing like rights and duties. Crabtree v. Street, 201 Ala. 630, 79 So. 192.

Prior to the Code of 1923, § 10143, section 5747, Code 1907, made provision for the attornment of a tenant of a mortgagor after foreclosure in such manner as to create the relation of landlord and tenant. The notice, however, was required to be in writing. Hutchison v. Flowers, 175 Ala. 651, 57 So. 719. The present law, Code 1923, § 10143, is materially changed from section 5747 of Code 1907. The present section provides: "If the land is in the possession of a tenant, written notice must be given to the debtor, unless he be a nonresident, and the debtor must direct the tenant to deliver possession, or recognize the purchaser as his landlord in the event the lease antedates the mortgage, decree or levy." The statute as it appeared in the Code of 1907 was made the basis of those cases holding that the purchaser at a foreclosure sale obtained a lien for use and occupation enforceable by attachment. Bank of Moundville v. Walsh, 216 Ala. 116, 112 So. 438; Ensley Mortgage & Realty Co. v. Lewis, 193 Ala. 226, 68 So. 1012. The statute being now materially changed, those cases can no longer control.

Where the rent contract is made by the mortgagor after the execution of the mortgage, the purchaser at the foreclosure sale cannot make the tenant in possession his own tenant merely by giving him notice to pay the rent to him. To create this relationship, there must be an attornment by the tenant or some act on his part which will amount to the same thing. In the case of Mack v. Beeland Bros. Merc. Co., 21 Ala. App. 97, 105 So. 722, Judge Rice, in a well-considered and able opinion, has pointed out the difference between a lease before and after the execution of the mortgage and the relationship and rights of the parties. Nothing we could say here would add to the clarity of the law as there announced. Attention is also

**152**

called to the opinion in Bank of Moundville v. Walsh, 216 Ala. 116, 112 So. 438.

The defendant was entitled under the facts to the judgment rendered, and it is therefore affirmed.

Affirmed.

PER CURIAM.

Reversed and remanded on authority of First National Bank of Russellville v. Welch, 222 Ala. 144, 132 So. 44.