(132 So. 44)

## FIRST NAT. BANK OF RUSSELLVILLE v. WELCH.

### 8 Div. 242.

Supreme Court of Alabama.

Dec. 4, 1930.

J. Foy Guin, of Russellville, for petitioner.

Charlie C. McCall, Atty. Gen., opposed.

BROWN, J.

This action was commenced by attachment sued out to enforce a landlord's lien under section 8804 of the Code 1923, and on motion and rule to show cause the attachment was dissolved, though the proceedings were regular on their face, on the ground that the plaintiff's cause of action was not enforceable by attachment. Birmingham Purchasing Co. v. Colvin, 219 Ala. 662, 123 So. 45; Drakford v. Turk, 75 Ala. 339; Adair v. Stone, 81 Ala. 113, 1 So. 768. That ruling was not brought for review.

At the ensuing term the plaintiff filed a complaint consisting of two counts claiming as for use and occupation, and the case was submitted on a stipulation of facts, and judgment went for the defendant. The Court of Appeals has affirmed the judgment, and the case comes here by certiorari.

The agreement of facts is set out in the opinion of the Court of Appeals, and from this it appears that the land, the subject of the alleged use and occupation, formerly belonged to Eva Ezzell, who on April 23, 1923, executed a mortgage thereon to R. Bullen. This mortgage on September 3, 1925, was transferred to plaintiff. On November 23, 1925, she executed a second mortgage to plaintiff.

Default being made by the mortgagor, these mortgages were foreclosed on May 23, 1927; the plaintiff becoming the purchaser at the foreclosure sale. Prior to the foreclosure, but subsequent to the execution of the mortgages, on January 1, 1927, defendant rented a portion of the land from Eva Ezzell, for a rental of one-third of the corn and one-fourth of the cotton. Defendant went into possession and cultivated the land for the year

1927, and it is agreed between the parties that the value of the rent corn and cotton was $50.

The rent was not paid by the defendant, but he agreed with the cashier of plaintiff bank to haul the rent corn off the place and deliver it to an agent for the plaintiff, the plaintiff to pay for the hauling, but was prevented from complying with this agreement by the act of Ezzell's agent forcibly taking the rent corn off the land then in defendant's possession.

The sole question presented is whether or not, in these circumstances, the plaintiff may maintain the action for use and occupation to recover the rent maturing after the foreclosure of the mortgages?

The lease was subsequent to and subject to the mortgages, and by their foreclosure the lease under which the defendant held was abrogated and the tenant was subject to ouster at the will of the purchaser at the foreclosure sale, the landlord in the broad sense of ownership. Comer v. Sheehan, 74 Ala. 452; 35 C. J. 1134, § 370.

The tenant's situation was such that the law would not permit him in this action to question the plaintiff's title or assert that his possession was adverse to that title. This is all that was necessary under the statute and decisions of this court to entitle the plaintiff to maintain the action for use and occupation. Code 1923, § 8820; American Freehold Land Mtg. Co. v. Turner, 95 Ala. 272, 11 So. 211; Crabtree v. Street, 200 Ala. 442, 76 So. 374; Id., 201 Ala. 630, 79 So. 192.

The only defense available to the defendant was that he had paid the rent to his landlord under the lease, without notice of the plaintiff's right to receive the rent. Comer v. Sheehan, supra; Farris & McCurdy v. Houston, 74 Ala. 162.

The opinion of the Court of Appeals is not in harmony with these views, and the writ of certiorari will be granted, judgment of the Court of Appeals reversed, and the cause remanded to that court for further consideration.

Writ granted; reversed and remanded.

All the Justices concur.