15 So.2d 105

**ALABAMA BUTANE GAS CO. et al. v. TARRANT LAND CO.**

**6 Div. 123.**

Supreme Court of Alabama.

May 20, 1943.

Rehearing Denied June 10, 1943.

Further Rehearing Denied Oct. 14, 1943.

642

Horace C. Wilkinson, of Birmingham, for
appellants.

J. K. Brockman and Thos. Seay, both of Birmingham, for appellee.

THOMAS, Justice.

The appeal is from a decree overruling appellant's demurrer to the bill as amended.

The principal grounds of demurrer are whether the bill is multifarious, whether there is a misjoinder of parties, and whether the pleading shows a complete and adequate remedy at law.

■ It was declared that not only must each respondent have a community of interest in law and in fact in the matter before the court, but also each party must have an interest in the suit of the others. Do the facts averred offend this Rule? Wharton et al. v. First Nat'l Company of Birmingham, 230 Ala. 421, 161 So. 825; Altman v. Barrett, 234 Ala. 234, 237, 174 So. 293. In Little v. Gavin, Special Administrator, ante, p. 156, 12 So.2d 549, the enlarged rule under the statute [Code 1940, T. 7, Appendix, p. 1055, Rule 15] is applied, and see Van Antwerp v. Van Antwerp, 242 Ala. 92, 5 So.2d 73; Littleton v. Littleton, 238 Ala. 40, 188 So. 902.

■ The time limitation of the original lease having expired December 1, 1940, the lessee Charles Darring continuing in possession thereafter, the lease was, by its own terms, extended at appellee's option for a term ending September 30, 1941, but no further implied extension then or later resulted from lessee holding over after September 30, 1941, since the provision for renewal is completely performed by one renewal. Indian Head Mills v. Hamilton, 212 Ala. 97, 101 So. 747; Drake v. Board of Education, 208 Mo. 540, 106 S.W. 650, 14 L.R.A.,N.S., 829, 123 Am.St.Rep. 448, 13 Ann.Cas. 1002. The terms for extension and surrender of possession specifically stated in the lease are as follows: "The Lessee further agrees that, upon the termination or expiration of the within lease, to surrender quiet and peaceable possession of said premises in the like good order as at the commencement of said term, and notice so to do is hereby waived. It is further understood and agreed that if the Lessee shall continue in possession of any part of said premises after the expiration of the aforesaid term without the written consent of Lessor or his agents, then this lease, at the option of the Lessor or his agents, shall continue in force until the next succeeding September thirtieth, with

644

all conditions, covenants, and terms herein set forth except that the rental of said premises shall be DOUBLE THE AMOUNT herein fixed."

It is established that equity has jurisdiction to enforce liens of all kinds, there being no conflict of jurisdictions acquired by other courts, and not being limited by statute as to such lien for its enforcement. Code 1940, T. 33, § 1; Greil Bros. Co. v. City of Montgomery, 182 Ala. 291, 62 So. 692, 693, Ann. Cases, 1915D, p. 738; Montana v. Alabama F. & H. Ass'n, 226 Ala. 303, 146 So. 805. It is held that lessees and those holding under them are charged with notice of the terms of the lease and are bound by its conditions. Brock v. Desmond & Company, 154 Ala. 634, 45 So. 665, 129 Am.St.Rep. 71; Cesar v. Virgin, 207 Ala. 148, 92 So. 406, 24 A.L.R. 715; McAdams on Landlord & Tenant, p. 816, § 248. A condition of the lease is that its occupation was for use as "oil company, filling station and not otherwise" for the term of ten years.

"In Cesar v. Virgin, 1921, 207 Ala. 148, 92 So. 406, 24 A.L.R. 715, where a lease of premises had been granted for mercantile purposes only, the lessor, upon violation of any of the conditions of the lease, to have the right at her option to re-enter and annul the lease, and a decree denying an injunction to restrain forfeiture of the lease and a dispossession action was affirmed, the court said: 'A grant of premises for mercantile purposes only is a grant upon condition; and while it is well settled that the happening of the contingency specified in such a contract does not of itself terminate the lease, in the absence of a stipulation to that precise effect, a breach does give the lessor a waivable option to cancel.'

"The courts in many cases, while not defining as a condition subsequent a stipulation in a lease that it shall cease and be void in the event of the default of the lessee, or that on default by him he shall surrender possession, have held that the terminating of such a lease because of default by the lessee was optional with the lessor. * * *." 118 A.L.R. 295, 296.

In Harden et al. v. Wood Lumber Co., 235 Ala. 310, 178 So. 540, it is said:

"Where improvement is made on land by lessee not prohibited by lease, mechanic's lien does not extend to the freehold, but only to the improvement and the leasehold. Code 1923, § 8834 [Code 1940, Tit. 33, § 39].

"A court of law cannot enforce liens except as expressly authorized by law.

"A court of equity could always enforce any sort of lien where there was no other remedy, and sometimes when there was, even before passage of statute conferring on equity power to enforce all liens though they are created by statute and statute provides a remedy. Code 1923, § 8935 [Code 1940, Tit. 33, § 1]."

See, also, Ex parte Deaton et al., 243 Ala. 154, 8 So.2d 819; Leader v. Romano, 208 Ala. 635, 95 So. 7; Catanzano v. Hydinger, 233 Ala. 116, 170 So. 214; Roberts v. Lindsey, 242 Ala. 522, 7 So.2d 82.

It is further established that having duly taken jurisdiction the court retains it for all purposes to determine all rights, to render full and complete justice to all parties before the court, whether this right be legal or equitable. Tecumseh Iron Co. v. Camp, 93 Ala. 572, 573, 9 So. 343; Lavretta v. First Nat. Bank of Mobile, 235 Ala. 104, 109, 178 So. 3; Hardin v. Wood Lumber Co., supra; Fife v. Pioneer Lumber Co., 237 Ala. 92, 183 So. 759.

It is declared that one let into possession by a lessee is presumed to be a licensee rather than a mere assignee [Samuel Gans Co. v. Tyson, 170 Ala. 513, 54 So. 237], and under Code 1940, T. 31, § 46, a licensee of tenant taking possession of and using the leased premises for the purpose for which the land was leased is liable to the landlord for use and occupancy. It is provided in the instant lease that the lessor shall have a lien for rent "upon all goods, furniture and effects and fixtures of the lessee on said premises, or to be placed thereon during said term, for the rent for the term hereof and for any other amount owing or accruing hereunder, in addition to the statutory landlord's lien."

Code 1940, T. 31, § 46, as interpreted by decision, requires that:

"To support the action under this section for the use and occupation of land, the defendant must either have gone into possession of the land unlawfully, thereby subjecting himself to such liability under the fourth subsection of this section, or he must have been a party to a contract, express or implied, creating between him and the one seeking to hold him so liable the technical relation of landlord and tenant, or a relation importing like rights and duties. Hamilton v. House, 6 Ala.App. 86, 89, 60

So. 429; Crabtree v. Street, 201 Ala. 630, 79 So. 192; Johnson v. Moxley, 22 Ala. App. 1, 113 So. 651; First Nat. Bank v. Welch, 24 Ala.App. 150, 132 So. 43.

"In all cases brought under subsections 1, 2 and 3 of this section, 'there must exist a relation between the parties founded on an express or implied contract which estops the defendant from drawing the title of the owner into the controversy.' Burgess v. American Mtg. Co., 115 Ala. 468, 22 So. 282; Mooty v. Doyle, 1 Ala.App. 577, 55 So. 436; First Nat. Bank v. Welch, 222 Ala. 144, 132 So. 44."

The bill as amended has several aspects, viz.: (1) To enforce a lien for rent; (2) for discovery and accounting; (3) for determination of the ownership of liens on fixtures placed upon the rented land, if any; (4) to determine whether such fixtures may or may not be removed from the land after termination of tenancy, the rent lien being discharged; and for possession of the leased premises.

Under the jurisdiction and powers of a court of equity to render a decree that accords complete justice to all parties at interest, and under the several aspects of the bill as amended, a complete and adequate remedy is afforded in equity. The bill avers an original lease to Darring in writing, embodying the stipulations of the parties for the time indicated, and for the extension. It avers that there was default in the fulfillment of said terms; seeks to discover who is in possession of the premises; and what and by whom certain material, definite or necessary improvements have been made or erected on the premises pertinent to the oil or gas distribution conducted thereon. The bill seeks to ascertain who has had the use and occupancy thereof during the term of the lease under the right of extension and subsequently thereto, and what business is there conducted and what improvements have been placed on the land and the nature thereof; seeks a decision of the question as to who is liable for the rent, and for use and occupancy of the premises; and in what amounts. Hence the discovery sought.

It is the general rule that the averments of a bill to warrant relief must be complete and on admissions or on a decree pro confesso the court may award the relief prayed. McDonald v. Mobile Life Ins. Co., 56 Ala. 468, 470. The rule has been since adhered to in this court, touching bills for relief. Majors v. Killian, 230 Ala. 531, 162 So. 289; Southern R. Co. v. Curry, 239 Ala. 263, 194 So. 523; Eutaw I. W. & P. Co. v. Town of Eutaw, 202 Ala. 143, 79 So. 609; Frederick v. Hartley, 202 Ala. 43, 79 So. 381.

Here the relief prayed is for the enforcement of a lien or the right to compensation for use and occupancy. The bill is necessary for a discovery to that end and for an accounting in the enforcement of such lien. However, the ascertainment of the nature and extent of the lien, the character of improvements or fixtures placed upon the land by the tenant or subtenant, that may or may not be subject to the landlord's lien, can be known only on discovery. This shows that there was not a complete or adequate remedy at law for the enforcement of such lien. The case of Dudley v. Whatley, ante, p. 508, 14 So.2d 141 affords analogy; Fowler v. Mackentepe, 233 Ala. 458, 172 So. 266.

Bills for "discovery" and "accounting" cannot be judged by the same strict rule of averment as bills merely for relief on the full facts that are alleged on demurrer. The instant bill being for relief and discovery, the rule that obtains on demurrer stated by Sims has long prevailed and is to be applied here. It is that if the plaintiff stated a cause in his bill which would entitle him to equitable relief against the defendant, it would be unjust to deny to the plaintiff any amount of discovery from the defendant which would enable him to establish his case and to enforce his lien in his suit. Taking the statement of facts as alleged in the bill to be true, if plaintiff is not entitled to any particular relief prayed, the bill would be subject to demurrer on that ground. Daniell Ch. Pr. § 604 and § 617; Sims' Ch. Pr. §§ 425–428; 30 C.J.S., Equity, §§ 286 et seq., and note; 27 C.J.S., Discovery, § 15, p. 27.

This is the rule on demurrer as applied to a bill for relief and discovery. Such is the bill before us for the enforcement of a lien for rent of lands in a city on which improvements have been erected by the tenant or subtenant with the knowledge of the landlord.

It follows that the decree of the circuit court is without error and is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.

## On Rehearing.

**THOMAS, Justice.**

█ The equitable right of the complainant is to enforce a lien for rent. This is the main basis of the equitable right asserted by the amended bill. The other features of the bill, which are set out in the opinion, are not sufficient to support the equity of the bill taken alone. And, therefore, it is necessary that the bill be sufficient to enforce a lien for rent. There is no lien for rent of a vacant lot provided by statute except on crops grown on said lot. The lot here in question was vacant when rented and no lien is sought upon crops grown on it and therefore it will not stand by virtue of that statute.

█ In the pleading and in brief attention is called to the feature of the contract as shown by the exhibit to the bill whereby the lessor shall have a lien upon all goods, chattels, effects and fixtures of the lessee on said premises or to be placed thereon during said term and the valuable improvements placed thereon. That is a sufficient provision by contract for a conventional lien [36 C.J. p. 483, note 64; Lewin v. Telluride Iron Works Co. et al., 8 Cir., 272 F. 590; 32 Am.Juris. §§ 584, 593, 596]; and the equity of the bill as amended is properly sustained against the lessee and his estate for the enforcement of that contract. Code 1940, Tit. 33, § 1. And all persons claiming interest in the subject of the lien are necessary parties. McLendon v. Truckee Land Co., 216 Ala. 586, 114 So. 3.

In response to the application for rehearing, we advert to that feature of the contract which is sufficient for the establishment of the lien which a court of equity will enforce. Code 1923, §§ 8820, 8829, 8935; Code 1940, T. 31, §§ 46(3), 12; Code 1940, T. 33, § 1. The assignee has the like rights against his assignee under the Code. Code 1923, §§ 8827, 8828, Code 1940, Tit. 31, §§ 10, 11. And the decision in Emanuel v. Underwood Coal & Supply Co., ante, p. 436, 14 So.2d 151, dealing with a materialman's lien, is not to the contrary.

█ We likewise call attention to Section 7-A of the bill as amended to the effect that Charles Darring, Eva Darring and Louis Darring have been the dominant persons in charge of the business on said premises; that said corporations were family owned corporations and were merely simulations for the purpose of operating said business on said premises. Such allegations make the defendants Darring proper parties, standing as they do in the shoes of Charles Darring (the lessee), even if the defendants and the corporations in question were not mere simulations, as is alleged. If they erected these structures indicated in or on the lot by virtue of the rights which Charles Darring acquired under the lease exhibited, this complainant will have a right to enforce the lien created by said contract. The other defendants would be in the same status that the original Darring was, whether they are mere fictitious corporations or not. 36 C.J. p. 483, note 64.

If we eliminate all reference to a discovery and rest the amended bill as standing squarely upon the equitable right to enforce the contract lien, it is sufficient.

The application for rehearing is overruled.

GARDNER, C. J., and BROWN and' LIVINGSTON, JJ., concur.